TIMOTHY DRY GOODS COMPANY v. DR. H. B. HYDE et al.

Middle Section.     April 3, 1927.

Petition for Certiorari denied by Supreme Court, Dec. 17, 1927.

1. **Garnishment.     Garnishment fastens upon any debt due at the time of the service of notice or that becomes due before the answer is filed.**

Garnishment, under the provisions of our statute, retains and fastens on any debt, whether due or not, owing by the garnishee or any property of the debtor in his hands, either at the time of service of the notice in garnishment or at the time of answer, or in the meantime.

2. **Garnishment.   Evidence.   Evidence held to show garnishee liable.**

Where the garnishee answered that he held no moneys of the defendant but the evidence showed that the garnishee did hold certain money that had been put up for the performance of a contract and that at the time the notice was served it was impossible to tell whether the garnishee owed defendant any money but before time to file answer it was found that the garnishee did owe the defendant money, held that judgment was properly rendered against the garnishee.

3. **Homestead.   Homestead is not preserved where there is a voluntary sale.**

Where there is an involuntary sale of the homestead, that is, a sale forced upon the owner by judicial action or legal process, the surplus proceeds of the sale remain impressed with the homestead rights, but it is otherwise where the sale is voluntary.

Appeal in Error from Circuit Court, Davidson County; Hon. A. G. Rutherford, Judge.

Reversed and judgment rendered.

Roy D. Cooper of Nashville, for appellant.

W. C. Cherry, of Nashville, for appellee.

FAW, P. J. The Timothy Dry Goods Company (hereinafter called plaintiff) is a judgment creditor of Dr. H. B. Hyde, by virtue of a judgment for $473.45 and costs of suit, rendered by a Justice of the Peace of Davidson county on June 16, 1925. The validity of the judgment against Dr. Hyde is undisputed, and the question for decision is whether or not the plaintiff is entitled to a judgment against George Busholan as garnishee.

The Justice of the Peace before whom the garnishment process was returned rendered judgment for plaintiff and against George Busholan, garnishee, and Busholan appealed from said judgment to the circuit court of Davidson county, where the case was tried before Judge Rutherford, without the intervention of a jury, and the court found the matters in controversy in favor of the defendant (the garnishee), set aside the judgment of the Justice of the Peace against the garnishee, dismissed the garnishment and taxed the cost (of the garnishment proceedings) against the plaintiff Timothy Dry Goods Company. The plaintiff moved for a new trial on a number of grounds set out in its motion, but the trial court overruled the motion, and the plaintiff thereupon excepted to the action of the court and prayed, obtained and perfected an appeal in the nature of a writ of error to this court and has assigned errors here.

The trial judge made and filed a written finding of facts in response to a request seasonably made by the plaintiff pursuant to the statute (Shan. Code, sec. 4684), which is, in words and figures, as follows:

"The plaintiff requested a written finding of facts during the hearing, and I find as follows:

"The plaintiff obtained a judgment against the defendant in this case before a Justice of the Peace on the 16th day of June, 1925, for $473.45. Execution was issued on June 24, 1925, and returned nulla bona on the next day (June 25th); a garnishment notice was served upon one Geo. Busholan citing him to answer on July 6th as to what he owed the defendant Dr. Hyde. The garnishee through his attorney answered that he owed nothing at that time. See the written answer of Busholan's attorney of May 22, 1926. Notwithstanding this answer, judgment was rendered against the garnishee for $451.51. Said judgment reads as follows, to-wit:—

" 'Judgment for the plaintiff Timothy Dry Goods Co., and against the defendants George Busholan by default and by orders of his attorney Tom Cummings for $491.91 . . . 100 Dollars and in-

terest at % for which execution may issue. This the 13 day of Aug./192—. J. M. Lanier, Justice of the Peace.'

"I find that the garnishee appealed from said judgment to the circuit court, and that when the case came on to be tried it was remanded to the Justice of the Peace court because said judgment had not been made final by issuance and service of a scire facias. I find further that after the case was remanded the justice issued a scire facias on January 21st, 1926, and that judgment was rendered on this scire facias on January 26th for $495.12 (or $475.12?) and the case was again appealed to the circuit court which is the case now being determined.

"At the hearing the garnishee introduced in evidence a contract for the purchase by the garnishee from the defendant Dr. Hyde of Dr. Hyde's residence at the price of $9,000, $1,000 of which was deposited in case the garnishee failed to carry out his contract, and that $8,000 was turned over by the garnishee Busholan to his attorney Thos. L. Cummings to be held until certain encumbrances were released and until the deed and abstract of title should be approved by said Cummings, Attorney. I find further from the answer filed by the garnishee through his attorney Cummings on May 22, 1926, that on July 6, 1925, when the garnishment was served that at that time this land trade was not completed, that the deed and abstract had not been approved and the amount of encumbrances had not been definitely ascertained though it was known that they almost amounted to the value of the land, making it impossible for the garnishee to say how much if any he was indebted to the defendant Dr. Hyde.

"In this state of the case I think it proper to follow the holding of the Supreme Court of Tennessee, in Groveland Banking Co. v. City National Bank, 144 Tenn., 521, where it was held that, 'If garnishee's answer does not contain admissions sufficient to charge him, he must be discharged, as for instance when he answers that he does not know whether he is indebted or not, or his answer is not sufficiently specific.' See 144 Tenn., 521.

"Of course the land trade was finally consummated and the deed and abstract was approved and deed put to record on July 20, 1925, and there was a balance of $643.19 left in the hands of the garnishee after paying off all encumbrances and a fee of $100 to Mr. Cummings, but this was not known on July 6, 1925, when the garnishment was served and he was entitled to be discharged at that time, and if he was entitled to be discharged at that time he is entitled to be discharged now.

"I know it is written into the magistrate's judgment that it was rendered by orders of the garnishee's attorney, but it was also said that the judgment was by default, if it was by default

it was not a final judgment, and if it was by orders of defendant's attorney which he denies. I hold that no one but an attorney in fact specially empowered to confess judgment can do so. The rule is an attorney is employed to prevent judgments from being rendered against his client and not to confess judgment.

"It appears that defendant Dr. Hyde is the head of a family and claims the $643.15 balance as a part of his $1,000 exemption. I think his claim should be allowed even if the proceedings had been otherwise regular.

"Therefore the garnishment proceedings in this case are dismissed and the garnishee is discharged.

A. G. Rutherford, Judge."

Following an approved practice (Hinton v. Insurance Co., 110 Tenn., 113, 72 S. W., 118), the plaintiff presented and filed a motion for additional findings and to make the written finding of fact filed by the court more full and definite, and to modify and correct said findings; and the modifications, corrections, and additional findings requested were specifically pointed out in ten separate numbered paragraphs of the motion, each paragraph containing a separate request. The court granted all of the aforesaid ten requests, except the first and ninth, and through its fourth and fifth assignments of error in this court the plaintiff says that the trial court erred in refusing to amend the findings in response to plaintiff's first and ninth requests.

Request No. 1 was that the court's findings be amended as follows:

"By striking out from the first paragraph, line 7 and 8, the following sentence: 'The garnishee through his attorney answered that he owed nothing at the time,' and inserting in its place and stead the following: 'The case was continued and the garnishee through his attorney Mr. Cummings, answered in August, (or about August 13th) that on July 6, 1925, he owed Dr. Hyde nothing: Thereupon the Timothy Dry Goods Company, through its attorneys, asked certain other questions which Mr. Cummings declined to answer. Mr. Cummings started to write the answer of George Busholan on the back of the garnishment but after writing the words 'George Busholan' thereon, he declined to proceed with the writing of the answer when the further questions were asked.' "

And Request No. 9 was that the court's findings be amended as follows:

"By adding, Mr. Cummings took the stand and upon oral examination and cross-examination in open court stated that Dr. Hyde claimed $1,000 exemption from the proceeds derived from the sale. He stated that $1,000 of the purchase-price was placed

with Mr. Arthur Campbell, the real estate agent who sold Dr. Hyde's place to Mr. Busholan. He did not know in what way the $1,000 was distributed or what became of the $1,000. On cross-examination Mr. Cummings stated that he did not know what property Dr. Hyde had from which Dr. Hyde could claim an exemption. Mr. Cummings was the only witness who testified at the hearing and he claimed Dr. Hyde's exemption for Dr. Hyde.''

. We think the plaintiff was entitled to have the findings amended as set forth in the plaintiff's first and ninth requests, supra, as such findings are supported by the undisputed testimony of Mr. Cummings, and (doing what the trial court should have done) we will treat the facts thus found as a part of the findings of the court.

As before stated, the trial court granted eight of plaintiff's requests for additional findings, but these additional findings include some documentary evidence and cover about eight typewritten pages of the transcript, and we think it would unnecessarily extend this opinion to copy same herein. Reference thereto may be made when we come to dispose of the questions raised by the assignments of error.

The first and second assignments of error, in effect, make the question that the trial judge reached an erroneous conclusion of law upon the facts found, and that he should have rendered judgment for plaintiff and against George Busholan, the garnishee.

It is seen from the findings and opinion of the trial court, hereinbefore copied, that His Honor placed his judgment dismissing the garnishment upon two grounds, as follows: (1) That the liability of Busholan for the purchase-price of the property which Dr. Hyde had contracted to sell to Busholan was contingent upon the approval of the title by Busholan's attorney, Mr. Cummings, and the title had not been approved when the garnishment notice was served on July 6, 1925, so that at that time Busholan was not indebted to Dr. Hyde, and not being indebted to Dr. Hyde when the garnishment was served, Busholan was entitled to be discharged; and (2) that Dr. Hyde is the head of a family and is entitled to the balance of $643.19 owing to him by Mr. Busholan as a part of his homestead exemption of $1,000.

We are of the opinion that, in reaching the conclusions above stated, the learned trial judge fell into error. Although the garnishment notice was served on July 6, 1925, the garnishee was not called upon to answer until August 13, 1925, and, in the meantime (on July 20, 1925) the land trade between Dr. Hyde and Busholan was consummated, leaving a balance of $643.19 due and owing by Busholan to Hyde, which remained unpaid and due and owing on August 13, 1925, and thereafter, and, so far as appears, is still due and owing from Busholan to Hyde.

Shannon's Code, sections 4816, 4817, 4818 and 4831 are as follows:

"4816. The garnishee may be required to answer on oath.—1. Whether he is, or was at the time of the garnishment, indebted to the defendant; if so, how and to what amount. 2. Whether he had in his possession, or under his control, any property, debts, or effects belonging to the defendant, at the time of serving the notice, or has at the time of answering, or has had at any time between the date of service and the time of answering; and, if so, the kind and amount. 3. Whether there are, to his knowledge or belief, any and what property, debts, and effects in the possession or under the control of any other, and what, person."

"4817. Such other questions may be put to him by the court or the judgment creditor, as may tend to elicit the information sought."

"4818. All property, debts, and effects of the defendant in the possession of the garnishee, or under his control, shall be liable to satisfy the plaintiff's judgment, from the service of the notice, or from the time they came to his hands, if acquired subsequent to the service of notice, and before judgment."

"4831. Where the sum in controversy is less than $1,000, the answer of the garnishee is not conclusive, but the plaintiff may controvert any of the facts contained therein. Upon the trial, the answer of the garnishee is testimony."

Construing the above quoted code sections our Supreme Court held, in Lockett v. Beaver, 97 Tenn., 397, 401, 37 S. W., 140, that "garnishment, under the provisions of our statute, retains and fastens on any debt, whether due or not, owing by the garnishee, or any property of the debtor in his hands, either at the time of service of the notice in garnishment or at the time of answer, or in the meantime."

When the garnishee, Busholan, first appeared to answer the garnishment on August 13, 1925, and when he finally answered thereafter, he was owing Dr. Hyde $643.19, and the plaintiff was entitled to judgment against the garnishee for the amount of the plaintiff's judgment of $473.45, against Dr. Hyde, with interest and costs.

It is argued for the garnishee that he was not indebted to Hyde, either at the time the garnishment was served or at the time of the answer, and, as we understand the brief, this insistence is based on the assumption that Mr. Cummings held the sum of $8,000, turned over to him by Busholan "as trustee for George Busholan and Dr. Hyde." We do not so understand the record. Mr. Cummings was the attorney for Mr. Busholan, and held the funds simply as the agent of Busholan. There is no evidence of an agreement between Hyde and Busholan that Cummings should hold

the $8,000, or any part of that sum, as trustee, or in escrow, and, so far as appears, Mr. Busholan placed the money in the hands of Mr. Cummings merely for his own convenience and for the convenience of Mr. Cummings while handling the transaction for Mr. Busholan.

Neither can we sustain the holding of the circuit court that the indebtedness of the garnishee to Dr. Hyde is protected as a homestead exemption of Dr. Hyde. The sale by Dr. Hyde to Mr. Busholan was voluntary. A cash sale to one to whom the vendor is not indebted is not involuntary merely because the vendor is heavily indebted and the property heavily encumbered and the vendor therefore fears that he may ultimately lose the property by forced sale.

If there is an involuntary sale of the homestead, that is, a sale forced upon the owner by judicial action or legal process, the surplus proceeds of the sale remain impressed with the homestead right. White v. Fulghum, 87 Tenn., 281, 10 S. W., 501; Crawford v. Carroll, 93 Tenn., 691, 28 S. W., 90.

But, in the absence of a statute directing otherwise (and there is no such statute in Tennessee), a voluntary sale of real estate works a conversion of the realty into personalty and there can be no homestead exemption in personalty as such. Dunn v. McLeary, 5 Hig. 600; 13 R. C. L., p. 584; Annotations, 1 A. L. R. 483 et seq., and 46 A. L. R. 814.

It will be seen from the above cited annotations that in some States, notably Kentucky and Oklahoma, the proceeds of a voluntary sale of a homestead are exempt if the owner sells the homestead with the intention of reinvesting the proceeds in another homestead, and he, in good faith, executes such intention within a reasonable time; but there is no evidence in the record before us which tends to show how Dr. Hyde intended to invest the proceeds of the property sold to Busholan. The first and second assignments of error are sustained.

The third assignment is in two subdivisions, viz.: (a) "There is no evidence to support the court's finding of facts;" (b) "the evidence is contrary to the court's findings of fact." These assignments are overruled.

We have heretofore sustained the fourth and fifth assignments of error.

The sixth assignment is that the court erred in failing to grant plaintiff a new trial on the ground of surprise on the trial; and the seventh assignment is that the court erred in failing to grant plaintiff a new trial on the ground of newly discovered evidence. The facts of this case would not justify the grant of a new trial on the ground of surprise or of newly discovered evidence and

5 T. A.—32.

the sixth and seventh assignments are therefore overruled. See Stafford v. Stafford, 1 Tenn. App. Rep.,' 477. However, if we are right in our conclusions with respect to the first and second assignments of error, the sixth and seventh assignments are immaterial.

It results that the judgment of the circuit court is reversed and judgment will be entered here for the amount of plaintiff's judgment against Dr. Hyde, viz.: $473.45, with interest from June 16, 1925, and for the costs incident to said judgment, and the costs of this suit including the costs of the appeal.

Crownover and DeWitt, JJ., concur.