**In re Gene Callawy HACKLER, Maude Louise Hackler, Debtors.**

**Bankruptcy No. 3–83–01139.**

United States Bankruptcy Court, E.D. Tennessee.

Dec. 22, 1983.

---

Cawood & Associates, F. Chris Cawood, Kingston, Tenn., for debtors.

Thomas H. Dickenson, Knoxville, Tenn., trustee pro se.

CLIVE W. BARE, Bankruptcy Judge.

The question presented is whether a husband can claim a homestead exemption in property titled in his wife's name, and in which he owns no interest. 11 U.S.C.A. § 522(b)(2) (1979); Tenn.Code Ann. § 26–2–301 (1980). The facts are not in dispute.

Gene Callawy Hackler and his spouse, Maude Louise Hackler, filed a voluntary petition in bankruptcy under chapter 7 of the Bankruptcy Code on July 20, 1983. 11 U.S.C.A. § 302 (1979). Under Tenn.Code Ann. § 26–2–301 (1980), each claimed a $3,750.00 exemption in real estate located in the city of Harriman.[1] Schedule B–4. The property, their marital residence, is titled in the name of Maude Hackler only. The debtors own no other real estate.

Tenn.Code Ann. § 26–2–301 (1980), Tennessee's homestead exemption statute, enacts in part:

*Basic exemption.* —(a) An individual, regardless of whether he is head of a family, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by him, his spouse, or a dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000). Provided, however, *individuals who jointly own* and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event said homestead exemptions are claimed in the same proceeding. Provided, further, if only one (1) of said joint owners of real property used as their principal place of residence is involved in the proceeding wherein homestead exemption is claimed, then said individual's homestead exemption shall be five thousand dollars ($5,000). The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual. Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving spouse and their minor children for as long as the spouse or the minor children use such property as a principal place of residence. (Emphasis added.)

(b) If a marital relationship exists, a homestead exemption shall not be alienated or waived without the joint consent of the spouses.

The debtors contend that each of them may claim homestead in the property as long as they or their dependents use the property for a home and that, because of their marital relationship, it makes no difference whether the realty is titled in one spouse or both. The trustee responds that Tenn.Code Ann. § 26–2–301 (1980) bars a joint homestead exemption of $7,500.00 where the real property is owned by only one of the claimants. "A joint homestead exemption limited to $7,500.00 is likewise subject to the condition that the individuals so claiming must jointly *own* and *use* the real property as their principal residence."

*Rhodes v. Stewart,* 705 F.2d 159 (6th Cir.1983) *cert. denied,* —— U.S. ——, 104 S.Ct. 427, 78 L.Ed.2d 361 (1983).

---

1. Tennessee debtors in bankruptcy are limited to State exemptions. 11 U.S.C.A. § 522(b)(1) (1979); Tenn.Code Ann. § 26–2–112 (1980);

Trustee's Reply Brief at 2. The trustee insists that the homestead exemption in this case is limited to Mrs. Hackler's exemption of $5,000.00.

## II

Prior to amendment, in 1978 and 1979 respectively, Tenn.Const. art. 11, § 11 and Tenn.Code Ann. 26–301 (Supp.1979) (the predecessor of Tenn.Code Ann. § 26–2–301) provided a homestead exemption of $1,000.00 in real property belonging to the head of a family. However as pointed out by Judge Kelley in *In re Sivley,* 14 B.R. 905 (Bkrtcy.E.D.Tenn.1981), the 1978 constitutional amendment modified Tenn. Const. art. 11, § 11 to provide for a homestead exemption of $5,000.00 or "such greater amount as the General Assembly may establish." Terms fixing eligibility of individuals and qualification of property for the homestead exemption have been prescribed by the legislature: (1) the property must be "owned" by the individual, and (2) the property must be "used by him, his spouse, or a dependent, as a principal place of residence." [2]

 This court is fully aware of the long-standing principle that the homestead exemption statutes must be liberally construed in favor of the exemption. *Loftis v. Loftis,* 94 Tenn. 232, 28 S.W. 1091 (1895); *Jackson v. Shelton,* 89 Tenn. 82, 16 S.W. 142 (1890). However, when a statute is plain and unambiguous, its terms should be construed in accordance with their ordinary and commonly accepted meaning. *State v. Thomas,* 635 S.W.2d 114 (Tenn.1982); *Stalcup v. City of Gatlinburg,* 577 S.W.2d 439 (Tenn.1978). Debtor Gene Hackler meets only one explicit requirement of the statute—the property is used by him and his spouse as a principal place of residence. He does not meet the second requirement—the property is not owned by him.

 Maude Louise Hackler is entitled to a $5,000.00 homestead exemption in the subject property. Since the property is not jointly owned, the debtors are not entitled to the additional $2,500.00 exemption.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 7052.

---

**2.** The legislature dropped the "head of a family" requirement contained in both former Tenn. Const. art. 11, § 11 and Tenn.Code Ann. 26–301 (1955).