**In re Kenneth C. MILLER, Debtor.**

**Bankruptcy No. 99–33444.**

United States Bankruptcy Court,
E.D. Tennessee.

March 2, 2000.

Ann Mostoller, Oak Ridge, Tennessee, trustee, pro se.

Jimmie D. Turner, Oliver Springs, Tennessee, for debtor.

### MEMORANDUM ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

RICHARD S. STAIR, Jr., Chief Judge.

This bankruptcy case was commenced on August 19, 1999, by the Debtor's filing of a Voluntary Petition under Chapter 7. The court has before it the Objection to Debtor's Claim of Exemption (Objection) filed by the Chapter 7 Trustee, Ann Mostoller, on November 16, 1999, by which the Trustee objects to the Debtor's claim to a homestead exemption in the equity awarded him in his former residence pursuant to a divorce decree. By agreement, all issues will be resolved upon the Stipulations and Supplemental Stipulations filed by the parties on January 25, 2000, and February 8, 2000, respectively, and upon briefs. The court heard oral argument on February 15, 2000.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(B) (West 1993).

### I

The Debtor and his wife, Evelyn Miller, owned as tenants by the entirety a residence at 111 Dogwood Street, Harriman, Tennessee, which they purchased on January 26, 1988. The property remained the

principal residence of the Debtor, his wife, and their two minor children, prior to the divorce of the Debtor and Ms. Miller on February 11, 1999.[1] After the divorce, Ms. Miller and the children have continued to reside on the property.

Pursuant to the Final Decree entered in the Roane County General Sessions Court granting Ms. Miller a divorce, the Debtor's interest in the marital residence at 111 Dogwood Street was vested in Ms. Miller. The Debtor, however, was awarded one-half of the equity in the property. Specifically, the Final Decree provides in material part at pages 4 and 5:

It is further ORDERED by the Court that the plaintiff shall receive as her separate property the marital residence located at 111 Dogwood [Street], Harriman, Tennessee, with all interest of the defendant therein being hereby divested from him and vested into the plaintiff, and being more particularly described as follows:

. . . .

It is further ORDERED by the Court that the defendant shall have and recover judgment from the plaintiff in the amount of Six Thousand Five Hundred ($6,500.00) Dollars, representing his share of the equity in the marital residence, and the defendant shall retain a lien against this property to secure the payment of same; that this sum shall bear no interest for a period of two (2) years and shall then begin to bear interest at the rate of five (5%) percent per annum; and that said sum shall become payable on the first to occur of the following events: the plaintiff's remarriage; the plaintiff commencing cohabi-

tation with a person of the opposite sex in this residence without the benefit of marriage; the plaintiff's death; the plaintiff and the parties' minor children moving their residence from this home; or the parties' younger child reaching the age of majority. The plaintiff may record a certified copy of this final decree as her muniment of title.

Ms. Miller recorded the Final Decree with the Roane County Register of Deeds on May 17, 1999.

The Debtor filed the Voluntary Petition commencing his Chapter 7 case on August 19, 1999. By an Amendment to Schedules filed on October 25, 1999, the Debtor amended Schedule C to his Voluntary Petition to claim the following exemptions:

| | | |
|---|---|---|
| $5000.00 of the proceeds of the sale from his marital residence where his dependent children still live, per the Final Decree of Divorce. | TCA 26–2–103 [2] | $5,000.00 |
| Debtor is entitled to an additional $1,500.00 from the sale from his marital residence per Final Decree. | TCA 26–2–102 | $ 635.00 |

The Trustee filed her Objection on November 16, 1999, objecting only to the Debtor's claim to a homestead exemption under TENN.CODE ANN. § 26–2–301 (1980).

## II

The Pre–Trial Order prepared by the parties that was entered on January 11, 2000, calls for the court to resolve the following issues:

A. [W]hether the language in the final decree of divorce is sufficient to completely divest the Debtor of his interest in the real property;[3]

This is also incorrect. The correct statutory reference is TENN.CODE ANN. § 26–2–301 (1980).

**1.** The Debtor and Ms. Miller were divorced after a contested hearing pursuant to the terms of a Final Decree entered in the General Sessions Court for Roane County, Tennessee. The Final Decree was entered on May 3, 1999, "nunc pro tunc for February 11, 1999."

**2.** The reference to "TCA 26–2–103" is incorrect. By a Second Amendment to Schedules filed on November 29, 1999, the Debtor amended the citation to "TCA 26–1–301."

**3.** This is no longer an issue because the parties agree pursuant to paragraph 3 of their Stipulations that the "Debtor was divested of interest in the [111 Dogwood Street] property" by the Final Decree.

B. [I]f so, does Debtor nevertheless have a right to claim an exemption in the proceeds to be paid to him pursuant to the final decree of divorce as exempt under the TCA § 26–2–301 where the property was awarded to the spouse in the final decree and the Debtor is entitled to receive cash only traceable directly to his ownership in this real estate that was his residential real estate;

C. [W]hether the Debtor can claim the proceeds described above as exempt under TCA § 26–2–301 on the basis that dependents of his continue to reside in the real property.

## III

■ Exemptions to which a debtor is entitled are determined as of the commencement of a bankruptcy case. *See, e.g., Armstrong v. Peterson (In re Peterson),* 897 F.2d 935, 937 (8th Cir.1990) (Bankruptcy exemptions are "fixed on the date of filing" and "only … the law and facts as they exist[ed] on the date of filing the petition" are to be considered.); *In re Kollar,* 218 B.R. 349, 352 (Bankr.E.D.Pa. 1998) (collecting cases). Thus, the homestead exemption to which the Debtor is entitled under Tennessee law is the exemption that could be claimed on August 19, 1999, the date he filed his Voluntary Petition.

TENNESSEE CODE ANN. § 26–2–301, Tennessee's homestead exemption statute, provides in material part:

**Basic exemption.**—(a) An individual, regardless of whether he is head of a family, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by him, his spouse, or a dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000). Provided, however, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event said homestead exemptions are claimed in the same proceeding. Provided, further, if only one (1) of said joint owners of real property used as their principal place of residence is involved in the proceeding wherein homestead exemption is claimed, then said individual's homestead exemption shall be five thousand dollars ($5,000). The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual. Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving spouse and their minor children for as long as the spouse or the minor children use such property as a principal place of residence.

(b) If a marital relationship exists, a homestead exemption shall not be alienated or waived without the joint consent of the spouses.

This court has previously held:

Terms fixing eligibility of individuals and qualification of property for the homestead exemption have been prescribed by the legislature: (1) the property must be "owned" by the individual, and (2) the property must be "used by him, his spouse, or a dependent, as a principal place of residence."

*In re Hackler,* 35 B.R. 326, 328 (Bankr. E.D.Tenn.1983) (footnote omitted).

■ Under Tennessee law, "[i]f there is an involuntary sale of the homestead, that is, a sale forced upon the owner by judicial action or legal process, the surplus proceeds of the sale remain impressed with the homestead right." *Timothy Dry Goods Co. v. Hyde,* 5 Tenn.App. 491 (Tenn. Ct.App.1927) (citing *White v. Fulghum,* 87 Tenn. 281, 10 S.W. 501 (1889) (A foreclosure sale under a mortgage waiving homestead does not extinguish the right of homestead in the surplus.)).

The Trustee acknowledged in oral argument on February 15, 2000, that the divestiture of the Debtor's interest in the 111 Dogwood Street property pursuant to the February 11, 1999 General Sessions Court Final Decree constituted an involuntary transfer of the Debtor's interest in his homestead. In its Final Decree, the state court directed that the Debtor was entitled to $6,500.00 from the equity, *i.e.*, the "surplus proceeds." The fact that the court deferred payment of that sum until, at the latest, the parties' youngest child reaches her majority, is of no consequence. The Debtor's entitlement to the "surplus proceeds" is preserved by the lien he was awarded against the property. Pursuant to *Hyde* and TENN.CODE ANN. § 26–2–301, $5,000.00 of the $6,500.00 awarded the Debtor pursuant to the Final Decree remained impressed with his homestead right as of August 19, 1999, the day he commenced his Chapter 7 case. It is, therefore, exempt from the claims of creditors.

The Trustee's Objection will be overruled.