IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | **FOR PUBLICATION** |
| LENORE BERRY ROSS STOREY, | ) | |
| | ) | **Filed: December 4, 1995** |
|     Debtor, | ) | |
| | ) | Certified Question of Law |
| v. | ) | from the United States |
| | ) | Bankruptcy Court for the |
| BRADFORD FURNITURE CO., | ) | Middle District of Tennessee |
| INC., | ) | |
| | ) | Case No. 93-08973-KL3-7 |
|     Plaintiff, | ) | |
| | ) | No. 01S01-9409-OT-00112 |
| v. | ) | |
| | ) | Hon. Keith M. Lundin |
| LENORE BERRY ROSS STOREY | ) | United States Bankruptcy |
| Judge | | |
| and ROBERT H. WALDSCHMIDT, | ) | |
| TRUSTEE, | ) | |
| | ) | |
|     Defendants, | ) | |
| | ) | |
| ROBERT H. WALDSCHMIDT, | ) | |
| TRUSTEE, | ) | |
| | ) | |
|     Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRADFORD FURNITURE CO., | ) | |
| INC., | ) | |
| | ) | |
|     Counter-Defendant | ) | |

For the Debtor:

Steven L. Lefkovitz
Nashville, TN

For the Trustee:

Robert H. Waldschmidt
Nashville, TN

**O P I N I O N**

WHITE, J.

<u>I. QUESTION CERTIFIED</u>

Pursuant to Rule 23 of the Tennessee Supreme Court Rules,[1] we have

accepted a question certified to us by the United States Bankruptcy Court

for the Middle District of Tennessee.  The bankruptcy court has asked:

> Which of the following is the correct interpretation of
> Tenn. Code Ann. § 26-2-111(1)(E):
>
> (1)  Once asserted in any judicial proceeding, the exemption in
> alimony described in Tenn. Code Ann. § 26-2-111(1)(E) is
> effective with respect to all subsequent executions, seizures or
> attachments of alimony; or
>
> (2)  The exemption in alimony described in Tenn. Code Ann. §
> 26-2-111(1)(E) is effective only if claimed in each judicial
> proceeding in which execution, seizure or attachment of
> alimony is sought.

For the reasons explained below, we conclude that the alimony

exemption set forth in Tennessee Code Annotated Section 26-2-111(1)(E) is

effective only if claimed in each judicial proceeding in which execution,

seizure, or attachment of alimony is sought.

<u>II.  FACTS</u>

This dispute concerns whether an alimony exemption filed by the

debtor in the chancery court exempts the alimony proceeds from execution

in the bankruptcy court.  On February 14, 1991, the debtor divorced Carl

---

[1]"The Supreme Court may, at its discretion, answer questions of law certified to it by the
Supreme Court of the United States, a Court of Appeals of the United States, a District
Court of the United States in Tennessee, or a United States Bankruptcy Court in
Tennessee.  This rule may be invoked when the certifying court determines that, in a
proceeding before it, there are questions of law of this state which will be determinative
of the cause and as to which it appears to the certifying court there is no controlling
precedent in the decisions of the Supreme Court of Tennessee." Sup. Ct. R. 23, § 1.

Storey and was awarded $2,500 per month alimony in futuro. On appeal, the alimony award was modified to $2,500 per month rehabilitative alimony in solido for a period of thirty-six months. Storey v. Storey, 835 S.W.2d 593, 597 (Tenn. App.), perm. to appeal denied, (Tenn. 1992).

Prior to the divorce, the debtor purchased furniture on credit from Bradford Furniture Company. When the debtor failed to make the payments, Bradford sued her in Davidson County Chancery Court to collect the debt. In November, 1991, Bradford Furniture Company obtained a judgment against the debtor in the amount of $33,117.83. Approximately one year later on November 20, 1992, the furniture company served a garnishment on Carl Storey, who was delinquent in his alimony payments, in order to collect the judgment obtained against the debtor. On January 8, 1993, the debtor filed a claim of exemption in the chancery court to halt Bradford's garnishment pursuant to Tennessee Code Annotated Section 26-2-111(1)(E). Subsequently, in November, 1993, the debtor filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Tennessee. Two days later, Carl Storey paid $10,000 into an escrow account maintained by the debtor's divorce lawyer to resolve a pending contempt proceeding in the chancery court.

On January 24, 1994, the debtor filed documents in the bankruptcy court claiming an exemption for past, future, and escrowed alimony pursuant to Tennessee Code Annotated Section 26-2-111(1)(E). Bradford Furniture Company and the bankruptcy trustee timely objected to the

claimed exemption. Bradford then filed an adversary proceeding in the bankruptcy court to determine the validity of its prebankruptcy garnishment lien on the alimony owed the debtor. The trustee counter-claimed to avoid Bradford's lien.

On September 29, 1994, the bankruptcy court determined that Bradford held a valid lien up to the amount of its claim against all unpaid alimony due the debtor through February 7, 1993, thirty days after the debtor asserted the exemption in chancery court. See Tenn. Code Ann. § 26-2-111(1) (E) (1990 Supp.). The bankruptcy court also subjected the alimony held in escrow to Bradford's lien because more than $10,000 of alimony was due and unpaid before February 7, 1993. However, the bankruptcy court declined to determine whether the debtor or the trustee was entitled to the alimony accruing between February 7, 1993 and February 23, 1994 (thirty days after the debtor claimed the alimony exemption in the bankruptcy proceeding). That issue, controlled by Tennessee law, is before us as a certified question under Rule 23 of the Tennessee Supreme Court Rules.

## III. DISCUSSION

Under the Bankruptcy Code, a debtor may claim federal or state exemptions unless the state has chosen to opt-out of the federal exemption scheme. 11 U.S.C. § 522(b)(1)(1993). With the enactment of Tennessee Code Annotated Section 26-2-112 in 1980, Tennessee became one of several states to create its own scheme of exemptions opting out of the

4

federal scheme. Tenn. Code Ann. § 26-2-112 (1980 Repl.). Once "the individual state has opted-out of the federal scheme, the only exemptions available to the debtor are those created by the state. In re Lucas, 924 F.2d 597, 599 n.4 (6th Cir. 1991); see also In re Hackler, 35 B.R. 326, 327 n. 1 (Bankr. E.D. Tenn. 1983); In re Norton, 30 B.R. 712, 713 (Bankr. E.D. Tenn. 1983). Thus, we are called upon to interpret a portion of the exemption statute passed by our legislature to preempt the use of federal bankruptcy exemptions by Tennessee citizens in Tennessee courts.

In interpreting legislative provisions, our role is "to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." Roseman v. Roseman, 890 S.W.2d 27, 29 (Tenn. 1994); Lyons v. Rasar, 872 S.W.2d 895, 897 (Tenn. 1994). If the intent can be determined from the plain language of the provision read in the context of the entire statutory scheme, we must conclude our inquiry there. See Carson Creek Vacation Resorts, Inc. v. Department of Revenue, 865 S.W.2d 1, 2 (Tenn. 1993); Wilson v. Johnson County, 879 S.W.2d 807, 809 (Tenn. 1994); National Gas Distributors, Inc. v. State, 804 S.W.2d 66, 67 (Tenn. 1991). If the language is ambiguous and does not yield a clear interpretation, we may consult the legislative history for additional interpretive guidance. See Carr v. Ford, 833 S.W.2d 68, 69-70 (Tenn. 1992); Baker v. Promark Products West, Inc., 692 S.W.2d 844, 847 (Tenn. 1985).

The relevant provision which we must interpret constitutes a section

5

of the Personal Property Owner's Rights and Garnishment Act of 1978

codified at Tennessee Code Annotated Section 26-2-101 et seq. The

original statute allowed a debtor to exempt certain items of personal

property from process, including attachment, execution, and garnishment for

the purpose of "secur[ing] the poor in the possession and use of the means

necessary for their subsistence." Jones v. Williams, 32 Tenn. 105, 106

(Tenn. 1852). Thus, a debtor was allowed to exempt personal property to

the aggregate value of four thousand dollars ($4,000) and personal items

such as clothing, family portraits and pictures, the family Bible and school

books, and state pension funds. Tenn. Code Ann. § 26-2-102 -- -104 (1980

Repl.). Unlike the federal bankruptcy provisions, however, the 1978 Act

did not include an alimony exemption. Two years later, an alimony

exemption was added with little explanation.[2]

> With the amendment, the statute provides that:
>
> [T]he following shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee:
>
> > (1)  The debtor's right to receive:
> >
> > . . .
> >
> > (E)  Alimony to the extent that payment becomes due more than thirty (30) days after the debtor asserts a claim to such exemption in any judicial proceeding . . . .

Tenn. Code. Ann. § 26-2-111(1)(E)(1995 Supp.)(emphasis added).[3]

---

[2]The amendment's house sponsor explained that its purpose was "to correct, well to make an addition. We took out more of the federal bankruptcy law than we intended to. This would replace a portion of that." Debate on House Bill 1232, April 17, 1980 (statement of Rep. Wood).

[3]The federal alimony exemption provides that a debtor may exempt "alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and

Based on this language, the debtor contends that she is entitled to exempt all the alimony that was due more than thirty days after she claimed the exemption in the chancery court litigation with Bradford Furniture Company. The debtor argues that the statute's reference to "any judicial proceeding" is clear and unambiguous, does not restrict the scope of the exemption, and applies universally. Thus, an exemption claimed pursuant to the statute binds all creditors in all subsequent judicial proceedings forever.

Conversely, the trustee argues that, under the statute, the exemption applies only to the creditors and to the proceeding in which it is filed. While the debtor may claim exemptions in each and every judicial proceeding, the trustee contests the blanket application of the exemption to claims that arise in other distinct judicial proceedings. Thus, he argues that the alimony exemption became effective as to him and the bankruptcy proceeding thirty days after the debtor claimed the exemption in the bankruptcy case.

The bankruptcy court found the statute to be ambiguous with two possible interpretations:

> [I]t could be read that the first claim of exemption in alimony "in any judicial proceeding" is good against the world, forever -- it precludes all subsequent efforts at execution, seizure or attachment; or, it could be read that a claim of exemption in alimony precludes only the execution, seizure or attachment with respect to which the exemption is asserted.

While both interpretations are possible, we conclude that the purpose and

any dependent of the debtor." 11 U.S.C. § 522 (d)(10)(D)(1993).

7

intent of the legislation is accomplished only if the provision is read to provide an exemption in the particular proceedings in which it is claimed.

To read the statute as a permanent, all encompassing exemption good against the world would produce unwieldy results. Such a reading would exempt claims before they existed. It would exempt claims without notice to the creditors. It would paradoxically create an exemption which would outlive the debtor.

The statutory scheme in which the alimony exemption is located is one that deals with a variety of creditors' remedies, including attachment, garnishment, execution, and bankruptcy. Viewed in this context the indefinite phrase "any judicial proceeding" applies to numerous circumstances. Were the exemption universal and permanent in application, an exemption filed in a general sessions court eviction case would apply to bankruptcy proceedings filed by the same debtor a decade later or to assets identifiable as alimony in the estate at the debtor's death. The framework in which this provision appears suggests to us that such a result was not intended.

Likewise, the language of the statute supports our conclusion. The "[w]ord 'any' has a diversity of meaning and may be employed to indicate 'all' or 'every' as well as 'some' or 'one' and its meaning in a given statute depends upon the context and the subject matter of the statute." Black's Law Dictionary 94 (6th ed. 1990). "It is often synonymous with 'either',

'every', or 'all'." Id.; see also Roddy Mfg. Co. v. Olsen, 661 S.W.2d 868, 871 (Tenn. 1983)(the word "any" in a statute is synonymous with the word "all"); Employers Liability Assur. Corp. v. Farquharson, 188 S.W.2d 965, 969 (Tenn. 1945)("We take it that any and every . . . mean all. . . . Any means one or more of a group. Every means the entire group without exception.").

> The phrase "judicial proceeding" has been defined as:
>
> Any proceeding wherein judicial action is invoked and taken. Any proceeding to obtain such remedy as the law allows. Any step taken in a court of justice in the prosecution or defense of an action. A general term for proceedings relating to, practiced in, or proceeding from, a court of justice; or the course prescribed to be taken in various cases for the determination of a controversy or for legal redress or relief. A proceeding in a legally constituted court. A proceeding wherein there are parties, who have opportunity to be heard, and wherein the tribunal proceeds either to a determination of facts upon evidence or of law upon proved to conceded facts.

Black's Law Dictionary at 849 (citations omitted).

We note the imprecision of that definition and clarify by way of example. Each cause of action would constitute a judicial proceeding, but each attempt to execute by various methods on one judgment would not. Therefore, in a given case, a filed exemption would protect the debtor for each and every exception attempted so long as it was filed in compliance with the exception statute.

The language of the statute, coupled with the context of the provision, and the sparse legislative history convince us that "any judicial proceeding"

9

means a judicial proceeding in which the exemption is asserted. The alimony exemption is effective, therefore, only in the judicial proceeding in which it is filed. Were we to find otherwise and carry that finding to its logical conclusion, our statute would grant an indefinite exemption in separate and distinct judicial proceedings, an exemption that could outlive the debtor. We do not believe that the alimony exemption was intended to be effective forever against the entire world, commencing from the time the debtor first claimed the exemption in a judicial proceeding, extending at that moment to even nonexistent debts, and enduring indefinitely.

Rather, we hold that the debtor must claim the exemption in each judicial proceeding in which the debtor wants protection. This interpretation is consistent with the general principle that a "claim of exemption under one execution may not and usually does not dispense with the necessity of the claim under other different executions where the different executions were issued on different judgments." 35 C.J.S. Exemptions § 130 (1960); see also 31 Am. Jur. § 308 (1989). This interpretation does not deprive the diligent debtor of any protection, but it does establish a method whereby claimed exemptions will be known to the parties and judges in the particular judicial proceeding consistent with other similar provisions in our statutes. See Tenn. Code Ann. § 26-2-114 (1980 Repl.)(exemptions exercised after debtor becomes judgment debtor and having no application to executions filed prior to exemptions).

## IV. CONCLUSION

We hold that the alimony exemption of Tennessee Code Annotated Section 26-2-111(1)(E) is effective only if claimed in each judicial proceeding in which execution, seizure, or attachment of alimony is sought.

The Clerk will transmit this opinion in accordance with Rule 23, Section 8 of the Rules of the Supreme Court. The costs in this Court will be taxed equally between the debtor and the trustee.

_____
                                       Penny J. White, Justice

CONCUR:

Anderson, C.J, Drowota, Reid, Birch, JJ.