# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 5, 2009 Session

## IN RE: MILBURN HOGUE and MELANIE HOGUE

**Rule 23 Certified Question of Law
from the United States Bankruptcy Court
for the Middle District of Tennessee
No. 08-02558-GP1-13**

---

**No.  M2008-01700-SC-R23-CQ - Filed July 2, 2009**

---

The certified question from the United States Bankruptcy Court for the Middle District of Tennessee that we address in this case is:  what amount may each member of a married couple with custody of a minor child claim as a homestead exemption, pursuant to Tennessee Code Annotated section 26-2-301(f), in a joint petition for bankruptcy?  We hold that the statute allows each individual debtor spouse with custody of a minor child to claim a $25,000 exemption for a combined exemption of $50,000, based upon the plain and ordinary meaning of the statutory language.

### Tenn. Sup. Ct. R. 23 Certified Question of Law

SHARON G. LEE, J., delivered the opinion of the court, in which JANICE M. HOLDER, C.J., CORNELIA A. CLARK, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined.

Tracy L. Schweitzer, Nashville, Tennessee, for the movant, Henry E. Hildebrand III, Trustee.

Steven L. Lefkovitz, Nashville, Tennessee, for the respondents, Milburn LaFayette Hogue and Melanie Starr Hogue.

## OPINION

### Facts and Procedural History

On March 27, 2008, Milburn and Melanie Hogue filed a joint Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Tennessee. The Hogues are married, and their six-year-old child resides with them. The Hogues' principal residence in Columbia, Tennessee, has a stipulated market value of $136,100 and is encumbered by two mortgages totalling $72,419.09.

In Schedule C of their bankruptcy petition, the Hogues claim a $50,000 homestead exemption in their principal residence, representing an exemption claim of $25,000 by each spouse. The Hogues rely upon Tennessee Code Annotated section 26-2-301(f) (Supp. 2008), which grants an enhanced homestead exemption of $25,000 to "an individual who has one (1) or more minor children in the individual's custody."

Henry E. Hildebrand III, the Chapter 13 Bankruptcy Trustee ("the Trustee") administering the Hogues' bankruptcy, objected and contended that the Hogues' total homestead exemption was limited to $7,500, pursuant to Tennessee Code Annotated section 26-2-301(a).

The Bankruptcy Court did not rule on the Trustee's objection, but instead, certified the following question to this Court pursuant to Rule 23[1] of the Rules of the Supreme Court of Tennessee:

> [W]hether T.C.A. § 26-2-301(f) (2007) together with the rest of T.C.A. § 26-2-301: (1) grants an enhanced homestead exemption of $50,000 to husband and wife debtors having dependent minor children and filing for bankruptcy jointly; (2) grants a single enhanced homestead exemption of $25,000 to these joint debtors; or (3) grants an enhanced $25,000 homestead exemption only to non-married individuals with dependent minor children.

We hold that Tennessee Code Annotated section 26-2-301(f), which grants an enhanced homestead exemption of $25,000 to an individual who has custody of one or more minor children, authorizes an enhanced homestead exemption of $25,000 each to a husband and wife having custody of one or more minor children and filing for bankruptcy jointly, resulting in a total homestead exemption of $50,000.

---

[1] Tennessee Supreme Court Rule 23, section 1 provides in pertinent part as follows:

> The Supreme Court may, at its discretion, answer questions of law certified to it by . . . a United States Bankruptcy Court in Tennessee. This rule may be invoked when the certifying court determines that, in a proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee.

**Analysis**

Under the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532 (2004 & Supp. 2009), a debtor in a bankruptcy proceeding is allowed to claim certain specified items of property exempt from the bankruptcy estate. 11 U.S.C. § 522(b) & (d). Under section 522(b), a debtor may choose either to exempt property specifically listed under the federal law at section 522(d) or to exempt "any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law." 11 U.S.C. § 522(b)(3)(A). Subsections 522(b)(1) and (2) further provide that a debtor may choose the federal exemption list "unless the State law that is applicable to the debtor under paragraph 3(A) specifically does not so authorize." Under this latter provision, a state may limit a debtor to exemptions created by state law. Storey v. Bradford Furniture Co., 910 S.W.2d 857, 859 (Tenn. 1995). Tennessee has chosen to opt out of the federal exemption scheme pursuant to Tennessee Code Annotated section 26-2-112 (2000), which provides that the exemptions provided under state law are adequate and that citizens of Tennessee are not authorized to claim the federal exemptions. See id.

Accordingly, a Tennessee debtor in bankruptcy seeking to claim an exemption in his or her principal residence is relegated to Tennessee's homestead exemption statute, which, as codified at Tennessee Code Annotated section 26-2-301, provides as follows:

> (a) An individual, whether a head of family or not, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000); provided, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event the homestead exemptions are claimed in the same proceeding; provided, if only one (1) of the joint owners of real property used as their principal place of residence is involved in the proceeding wherein homestead exemption is claimed, then the individual's homestead exemption shall be five thousand dollars ($5,000). The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual. Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving spouse and their minor children for as long as the spouse or the minor children use such property as a principal place of residence.
> (b) If a marital relationship exists, a homestead exemption shall not be alienated or waived without the joint consent of the

spouses.

(c) The homestead exemption shall not operate against public taxes nor shall it operate against debts contracted for the purchase money of such homestead or improvements thereon nor shall it operate against any debt secured by the homestead when the exemption has been waived by written contract.

(d) A deed, installment deed, mortgage, deed of trust, or any other deed or instrument by any other name whatsoever conveying property in which there may be a homestead exemption, duly executed, conveys the property free of homestead exemption, but the homestead exemption may not be waived in a note, other instrument evidencing debt, or any other instrument not conveying property in which homestead exemption may be claimed.

(e) Notwithstanding the provisions of subsection (a) to the contrary, an unmarried individual who is sixty-two (62) years of age or older shall be entitled to a homestead exemption not exceeding twelve thousand five hundred dollars ($12,500) upon real property that is owned by the individual and used by the individual as a principal place of residence; a married couple, one (1) of whom is sixty-two (62) years of age or older and the other of whom is younger than sixty-two (62) years of age, shall be entitled to a homestead exemption not exceeding twenty thousand dollars ($20,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence; and a married couple, both of whom are sixty-two (62) years of age or older, shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence.

(f) Notwithstanding subsection (a) to the contrary, an individual who has one (1) or more minor children in the individual's custody shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) on real property that is owned by the individual and used by the individual as a principal place of residence.

We are called upon to construe subsection (f) of this statute as it applies to a married couple.

When the Bankruptcy Court filed its amended order certifying the issue now before this Court, there was a split of opinion within the Tennessee bankruptcy courts as to the proper interpretation of Tennessee Code Annotated section 26-2-301(f). The Bankruptcy Court for the Middle District of Tennessee in In re Staggs, 381 B.R. 230 (Bankr. M.D. Tenn. 2008), held that under subsection (f), each of two joint debtors having one or more minor children is entitled to an

4

enhanced homestead exemption of $25,000, for a total homestead exemption of $50,000 whereas, in In re Butturini, 384 B.R. 491 (Bankr. E.D. Tenn. 2008), the Bankruptcy Court for the Eastern District of Tennessee held that the joint debtors are not entitled to the enhanced exemption under subsection (f), but only the basic $7,500 homestead exemption provided by Tennessee Code Annotated section 26-2-301(a). However, after we accepted the certified question now before us, this split of opinion was resolved when the United States District Court for the Eastern District of Tennessee reversed Butturini. See In re Butturini, No. 3:08-CV-123, 2009 WL 47007 (E.D. Tenn. Jan. 6, 2009). Although there is no longer a conflict of opinion between the two federal bankruptcy courts, the certified question remains properly before us and meets the criteria of Rule 23 in that it remains a question of the law of this state which will be determinative of the parties' cause and as to which there is no controlling precedent in the decisions of this Court.

The primary rule governing our construction of any statute is to ascertain and give effect to the legislature's intent. Walker v. Sunrise Pontiac-GMC Truck, Inc., 249 S.W.3d 301, 309 (Tenn. 2008). To that end, we begin by examining the language of the statute. Curtis v. G.E. Capital Modular Space, 155 S.W.3d 877, 881 (Tenn. 2005). In our examination of statutory language, we must presume that the legislature intended that each word be given full effect. Lanier v. Rains, 229 S.W.3d 656, 661 (Tenn. 2007). When the language of a statute is ambiguous in that it is subject to varied interpretations producing contrary results, Walker, 249 S.W.3d at 309, we construe the statute's meaning by examining "the broader statutory scheme, the history of the legislation, or other sources." State v. Sherman, 266 S.W.3d 395, 401 (Tenn. 2008). However, when the import of a statute is unambiguous, we discern legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000); see also In re Adoption of A.M.H., 215 S.W.3d 793, 808 (Tenn. 2007) ("Where the statutory language is not ambiguous . . . the plain and ordinary meaning of the statute must be given effect."). Finally, we must bear in mind the long-standing rule in this state that exemption statutes are to be liberally construed. White v. Fulghum, 10 S.W. 501, 502-03 (Tenn. 1889) ("The homestead exemption is a favorite in this country, and all laws concerning it are by the courts liberally construed in favor of the claimant."); Legg v. St. John (In re Legg), 76 F.2d 841, 843 (6th Cir. 1935) ("Tennessee exemption statutes are to be construed liberally.").

Giving the language of subsection (f) its plain and ordinary meaning, "without any forced or subtle construction," and considering such language in the context of the entire statute, we find no ambiguity and hold that where a married couple having custody of a minor child files a joint bankruptcy, each individual spouse is allowed a $25,000 enhanced homestead exemption for total homestead exemptions of $50,000.

We base our decision on the wording of the phrase in subsection (f): "an individual who has one (1) or more minor children in the individual's custody." This Court has previously recognized that the word "individual" is unambiguous and "refers to a single person instead of a class or group of people." See Walker, 249 S.W.3d at 309 (citing Black's Law Dictionary 773 (6th ed.1990); The Random House Dictionary of the English Language 974 (2d ed. 1987); Webster's II, New College

5

Dictionary 578 (3rd ed. 2005)). While the debtors in this case are a married couple, each nonetheless retains his or her identity as a separate and distinct person. Therefore, each remains an individual and as such each may claim the enhanced exemption. The natural and ordinary meaning of "individual" is not in any way dependent upon or negated as a result of marital status. The terms "individual" and "married" are not mutually exclusive. One is not either "an individual" or "married" but may be both "an individual" and "married."

The Trustee asserts, in accord with the Bankruptcy Court's decision in Butturini, that Tennessee Code Annotated section 26-2-301 consistently distinguishes between exemptions available to an individual and exemptions available to multiple persons. Butturini, 384 B.R. at 495-97. The Trustee relies on the rule of statutory construction that provides "where the legislature includes particular language in one section of the statute but omits it in another section of the same act, it is presumed that the legislature acted purposefully in including or excluding that particular subject." State v. Edmondson, 231 S.W.3d 925, 927 (Tenn. 2007) (quoting State v. Hawk, 170 S.W.3d 547, 551 (Tenn. 2005)). The Trustee argues that if the legislature had intended to make the enhanced exemption under subsection (f) available to multiple persons, such as a married couple, the language in that subsection would have included "the plural 'individuals' or some other term that could easily be construed as meaning more than one person." Butturini, 384 B.R. at 495. The Trustee indicates that other subsections of the statute do employ plural terminology. Specifically, he notes that subsection (a) references both "individuals" who jointly own and use the homestead and "joint owners" and that subsection (e) makes a distinction between an "individual" that meets the age requirement under that subsection and a "married couple" in which one or both members meet such requirement.

We disagree that the statute's use of plural terms in other subsections dictates the conclusion that subsection (f) is not applicable to an individual when he or she is also a member of a married couple. Given the natural and ordinary meaning of "individual," subsection (f) applies to an individual having custody of a minor child whether that individual is married or single. An individual's marital status does not affect his or her rights under subsection (f) and would not have affected an individual's rights under subsections (a) and (e) absent the specific inclusion of language at those subsections creating a distinction between an individual and a married couple. The rule of construction relied upon by the Trustee actually necessitates a contrary conclusion. The legislature's failure to include a distinction at subsection (f) between "an individual" and two individuals who have united to form a married couple indicates that the legislature intended that the natural and ordinary meaning of "individual" will apply and that a distinction between an unmarried individual and a married individual is not relevant and was not necessary.

The Trustee maintains that if the grant of exemption to an individual implies a grant to each of two joint debtors, the legislature would not have found it necessary to provide at subsection (e) that a married couple, both members of which are sixty-two years of age or older, is entitled to twice the exemption ($25,000) to which an individual sixty-two years of age or older, is entitled ($12,500).

We disagree because the Trustee's argument disregards significant language in subsection

6

(e). To restate, in its entirety, subsection (e) provides as follows:

> Notwithstanding the provisions of subsection (a) to the contrary, *an unmarried individual who is sixty-two (62) years of age or older shall be entitled to a homestead exemption not exceeding twelve thousand five hundred dollars ($12,500) upon real property that is owned by the individual and used by the individual as a principal place of residence*; a married couple, one (1) of whom is sixty-two (62) years of age or older and the other of whom is younger than sixty-two (62) years of age, shall be entitled to a homestead exemption not exceeding twenty thousand dollars ($20,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence; and *a married couple, both of whom are sixty-two (62) years of age or older, shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence.*

Tenn. Code Ann. § 26-2-301(e) (emphasis added).

Relying upon the two emphasized passages of subsection (e), the Trustee's implicit argument is that the passages merely duplicate one another with the sole difference being that the first passage applies to an individual and the second to a married couple, and, therefore the language in these passages shows that the legislature does not deem a married couple to be two individuals. But the second emphasized passage of subsection (e) actually provides that the $25,000 homestead exemption allowed to a married couple may be claimed by both spouses even though only one spouse owns the homestead. It is therefore apparent that the use of the term "married couple" was necessary because it is only by reason of that relationship that the individual spouse who meets the age requirement but does not own the subject property may claim the full exemption.

Furthermore, language at subsection (e) actually supports a construction of the statute as contemplating that an individual can be married, as recognized by the district court in Butturini:

> In subsection (e), the legislature establishes the homestead exemption available to "an *unmarried* individual who is sixty-two (62) years of age or older." *See* Tenn. Code Ann. § 26-2-301(e) (emphasis added). The "rules of statutory construction declare that a legislature is presumed to have used no superfluous words." Platt v. Union Pac. R.R., 99 U.S. 48, 58 (1878). This court must therefore presume that the word "unmarried" is not superfluous. As such, Tennessee's legislature would not have employed "unmarried" as a modifier of "individual" unless an "individual" can also be married.

2009 WL 47007, at *2.

In short, we hold that subsection (f) is applicable to an individual whether or not he or she is married and allows such individual the enhanced homestead exemption once the other requirements of the subsection are satisfied.

Next, referencing subsection (f)'s requirement that the minor child be "in the individual's custody," the Trustee contends that the words "*individual's custody*" suggest that the custody contemplated by the statute is a form of primary custody. The Trustee contends that Tennessee statutory law, as set forth at Tennessee Code Annotated section 36-6-402(4) (2005), indicates that only one parent may be the primary residential parent, and therefore, even if the enhanced exemption is available to a married couple, only one member of the couple can establish custody as is required to claim the exemption. While the Trustee concedes that "no parent is designated a 'custodial parent' or 'primary residential parent' in the absence of a divorce, legal separation, annulment, or separate maintenance," he insists that "the concept of 'custody' for purposes of subsection (f) appears to be similarly singular."

Subsection (f) provides that the enhanced exemption is available to "an individual who has one (1) or more minor children in the individual's custody." It is well-settled that parents, whether biological or adoptive, are entitled to the custody of their children and that this fundamental right is protected by the Due Process clauses of both the state and federal constitutions. See In re D.A.H., 142 S.W.3d 267, 274 (Tenn. 2004) (noting "the constitutionally-protected, fundamental right of biological parents to have the care and custody of their children"); Simmons v. Simmons, 900 S.W.2d 682, 684 (Tenn. 1995) (holding that the relationship between an adoptive parent and child is entitled to the same legal protection as that between a natural parent and child); Ray v. Ray, 83 S.W.3d 726, 731 (Tenn. Ct. App. 2001) (stating that "[a] biological parent's interest in the care, custody, and control of his or her child is among the oldest of the judicially recognized fundamental liberty interests" and is protected by the Due Process clause of the Federal Constitution and article I, section 8 of the Tennessee Constitution). It is undisputed that the minor child in the instant matter is the son of the married individuals seeking to claim the enhanced exemption, and there is nothing in the record to show that either parent's fundamental right to custody of such child has been abridged or is subject to abridgment for any reason or that either parent fails to exercise such right. As noted, when the import of a statute is unambiguous, we are required to give the statute's language its plain and ordinary meaning without forced or subtle construction. Applying that rule of statutory interpretation, each of the parents in this case has custody of the minor child and therefore, meets subsection (f)'s requirement as to custody. The issue of whether, for purposes of subsection (f), a parent has custody of a minor child in the context of a divorce, legal separation, annulment, or separate maintenance was not certified and therefore is not addressed.

**Conclusion**

For the foregoing reasons, we hold that the plain meaning of Tennessee Code Annotated section 26-2-301(f) allows each of two individuals who are married and have custody of a minor

child to claim a $25,000 homestead exemption on real property that each owns and uses as a principal place of residence. The clerk shall transmit this opinion in accordance with Tennessee Supreme Court Rule 23, section 8. Costs in this Court are taxed to the movant, Henry E. Hildebrand III, Trustee.

_____
SHARON G. LEE, JUSTICE

9