FILED

12/03/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 23, 2018 Session

## HAMILTON COUNTY ET AL. v. TAX YEAR 2011 DELINQUENT TAXPAYERS ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 11223-47588     Pamela A. Fleenor, Chancellor**

_____

**No. E2017-02505-COA-R3-CV**

_____

This case involves the right of redemption after a tax sale. REO Holdings, LLC (REO), purchased a parcel of real property at a delinquent tax sale. After the sale, the original property owners quitclaimed their remaining interest in the property to Basswood Revocable Land Trust (the Trust). The Trust filed a motion to redeem the property, which the trial court granted. REO appeals. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Charles Walker, Nashville, Tennessee, for the appellant, REO Holdings, LLC.

James C. Davey, Chattanooga, Tennessee, for the appellee, Hamilton County.

Phillip A. Noblett, Chattanooga, Tennessee, for the appellee, City of Chattanooga.

No appearance by appellee Basswood Revocable Land Trust or brief filed on behalf of said appellee.

## OPINION

## I.

Both Hamilton County and the City of Chattanooga separately filed a complaint in the trial court seeking to sell certain parcels of real estate for the payment of delinquent property taxes. The trial court consolidated those cases. During the course of the

proceedings, the clerk and master for Hamilton County determined that Darryl L. Patton and Kermetta J. Patton owed a total of $12,559.28 in property taxes to Hamilton County and the City of Chattanooga. Accordingly, the trial court entered an order directing the sale of the Pattons' property in satisfaction of their unpaid taxes.

In June 2015, the clerk and master's office for Hamilton County sold the Pattons' property at a public auction. The highest bidder, REO, purchased the property for $20,000. On June 24, 2015, the trial court entered an order confirming the sale. Pursuant to Tenn. Code Ann. § 67-5-2701, the order provided that "the redemption period with respect to the Property is one (1) year, beginning on the date of the entry of this Order Confirming Sale."

On June 21, 2016, the Pattons quitclaimed their remaining interest in the property to the Trust in exchange for $500. On June 24, 2016, the Trust filed a motion to redeem the property and tendered $15,184.41 for the payment of the delinquent taxes plus interest and court costs. REO filed a motion to protest the redemption, setting forth two reasons that the redemption should be denied. First, REO argued that the Trust was not entitled to redeem the property because the Trust did not have an interest in the property "as of the date of the sale," as required by Tenn. Code Ann. § 67-5-2701(a)(3)(C). Second, REO argued that the motion to redeem was untimely because the property was abandoned and the redemption period should have been shortened to thirty days pursuant to Tenn. Code Ann. § 67-5-2701(a)(1)(C).

On December 4, 2017, there was a hearing on REO's motion to protest the redemption.[1] In addition to raising the arguments discussed above, REO also argued that the redemption should be denied on the basis of the recently enacted anti-profiteering statute codified at Tenn. Code Ann. § 67-5-2701(b)(2). The trial court rejected all three of REO's arguments. First, relying on this Court's decision in *City of Chattanooga v. Tax Year 2011 City Delinquent Real Estate Taxpayers*, No. E2016–00025–COA–R3–CV, 2017 WL 541535 (Tenn. Ct. App., filed Feb. 10, 2017), the court determined that the Trust was not required to have an interest in the property on the date of the tax sale in order to redeem the property. Second, the court determined that the motion to redeem was timely filed. The court concluded that the redemption period should not be shortened to thirty days because REO did not raise the issue of abandonment prior to the filing of the motion to redeem. Finally, the court decided that the recently enacted anti-profiteering statute was not applicable. Upon the denial of REO's motion, the court entered an order of redemption in favor of the Trust.

REO filed a notice of appeal. On January 2, 2018, REO filed a motion to alter or

---

[1] The hearing was significantly delayed because REO had filed for bankruptcy in February 2016. An automatic stay prevented the commencement of any actions against REO's estate. The automatic stay was not lifted until September 29, 2017.

amend the order of redemption. REO argued that the trial court should have required the Trust to pay additional interest accruing from the date the motion to redeem was filed up to and including the day the order of redemption was entered. The trial court denied REO's motion, prompting REO to file an amended notice of appeal.

On appeal, counsel for the Trust filed a motion to withdraw, which this Court granted. Evette Savage, trustee of the Trust, wished to proceed pro se. She filed a motion with this Court requesting additional time to file her principal brief. We granted her motion. This Court then entered an order directing the other parties in the case

> to file a responsive brief or briefs no later than fourteen (14) days from the date of entry of this order, or else show cause why this appeal should not be submitted for decision on the record, briefs filed by the appellant and the other appellee, and the oral argument of the briefing parties . . . .

In response to this order, Hamilton County filed its brief. The City of Chattanooga filed a brief that "adopt[ed] all of the arguments set forth in the Brief of Appellee, Hamilton County, Tennessee, which is fully incorporated herein by reference." Both Hamilton County and the City of Chattanooga waived oral argument. Finally, Ms. Savage filed her brief, which is identical to the brief filed by Hamilton County.[2]

REO filed motions to strike the briefs filed by appellees. REO argued that Ms. Savage, who is not an attorney, is engaging in the unauthorized practice of law by attempting to represent the Trust in this appeal. REO also argued that neither Hamilton County nor the City of Chattanooga have standing to participate in this appeal. This Court entered an order that denied REO's motions to strike; however, our order directed REO to raise in a reply brief its arguments relating to standing and the unauthorized practice of law. REO did so.

## II.

REO raises the following issues, some of which we have consolidated and slightly restated:

> Whether this Court should disregard the briefs filed by the appellees.
>
> Whether the trial court erred in concluding that the Trust was a "[p]erson entitled to redeem" the property, as defined by

---

[2] It appears that Ms. Savage simply copied and pasted the text of Hamilton County's brief into a separate document.

Tenn. Code Ann. § 67-5-2701(a)(3)(C).

Whether the Trust's motion to redeem was untimely filed, thus depriving the trial court of subject matter jurisdiction.

Whether the trial court erred in concluding that Tenn. Code Ann. § 67-5-2701(b)(2) was not applicable.

Whether the trial court erred in failing to void the Trust's redemption filed in violation of the automatic stay established by REO's bankruptcy filing.

Whether the trial court erred by not awarding REO its statutory interest until the redemption was completed.

Whether the trial court erred by denying REO's motion to alter or amend the judgment.

### III.

We agree with REO that the briefs filed by the appellees should be disregarded. With respect to the brief filed by Ms. Savage, it should be disregarded because she is engaging in the unauthorized practice of law. *See* Tenn. Code Ann. §§ 23-3-101(3), -103 (prohibiting non-attorneys from engaging in the "practice of law," which includes "the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court . . . ."); ***ELM Children's Educ. Trust v. Wells Fargo Bank, N.A.***, 468 S.W.3d 529, 533 (Tenn. Ct. App. 2014) (holding that "a non-attorney trustee may not represent a trust in our Tennessee courts."), *perm. app. denied* (Tenn. 2015).

In addition, the briefs of Hamilton County and the City of Chattanooga should be disregarded because both parties lack standing to participate in this appeal. Generally, "a party must be 'aggrieved' by the [trial court's] order" in order to participate in an appeal. ***Holt v. Trustee of the Willoughby Cumberland Presbyterian Church Cemet[e]ry***, No. E2014–01502–COA–R3–CV, 2015 WL 3827704, at *2 (Tenn. Ct. App., filed Jun. 22, 2015) (quoting ***In re: Montana R.T.***, No. E2011–00755–COA–R3–PT, 2012 WL 2499498, at *5 (Tenn. Ct. App., filed Jun. 29, 2012)). "A party is 'aggrieved' when he has an interest recognized by law which is injuriously affected by the order, or when his property rights or personal interests are directly affected by operation of the order." ***Id.*** (quoting ***Clark v. Perry***, No. 02A01–9704–CH–00080, 1998 WL 34190562, at *7 (Tenn. Ct. App., filed Mar. 19, 1998)).

Both Hamilton County and the City of Chattanooga properly appeared before the trial court to obtain a judgment against delinquent taxpayers. In addition, trial courts may "direct[ ] the delinquent tax attorney . . . to participate in the redemption portion of the proceedings as an assistance to the court[.]"[3] Tenn. Code Ann. § 67-5-2701(l). However, neither Hamilton County nor the City of Chattanooga has standing to support or oppose REO in its appeal of the trial court's order granting the redemption. Hamilton County and the City of Chattanooga will receive payment for the delinquent taxes regardless of whether the redemption is approved; therefore, neither party has "property rights or personal interests [that] are directly affected by operation of the order." *See Holt*, 2015 WL 3827704, at *2 (quoting *Clark*, 1998 WL 34190562, at *7). *But cf. Delinquent Taxpayers as Shown on the 2011 Real Property Tax Records of the Metro. Gov't of Nashville and Davidson Co. v. Metro. Gov't of Nashville and Davidson Co.*, No. M2015-02450-COA-R3-CV, 2018 WL 3530842, *5-6 (Tenn. Ct. App., filed July 23, 2018) (holding that lienholders who have filed a motion for excess sale proceeds remain parties to the appeal).

Accordingly, we disregard the briefs filed by the appellees. Pursuant to Tenn. R. App. P. 29(c), we deem this case to be "submitted for decision on the record and appellant's brief."

## IV.

We begin our analysis by considering whether the trial court erred in concluding that the Trust was a "[p]erson entitled to redeem," as defined by Tenn. Code Ann. § 67-5-2701(a)(3)(C) (2015) (amended 2018).[4] This presents a question of statutory interpretation.

"Statutory interpretation involves questions of law, 'which the appellate courts review de novo without a presumption of correctness." *Madison Co. v. Delinquent Taxpayers for 2012*, No. W2016-02526-COA-R3-CV, 2018 WL 1976042, at *2 (Tenn. Ct. App., filed Apr. 26, 2018) (quoting *Pickard v. Tenn. Water Quality Control Bd.*, 424 S.W.3d 511, 518 (Tenn. 2013)). "The overriding purpose of a court in construing a statute is to ascertain and effectuate the legislative intent, without either expanding or

---

[3] The record reflects that Hamilton County's delinquent tax attorney did not participate in the December 4, 2017 hearing on REO's motion to protest the redemption. However, the delinquent tax attorney did file a brief in opposition to REO's motion to alter or amend the order of redemption. He also participated in the hearing on that motion.

[4] Although the statute was amended in 2018, we must apply "the law in effect at the time of the tax sale," unless otherwise directed by statute. *Delinquent Taxpayers as Shown on the 2011 Real Property Tax Records of the Metro. Gov't of Nashville and Davidson Co. v. Metro. Gov't of Nashville and Davidson Co.*, No. M2015-02450-COA-R3-CV, 2018 WL 3530842, *3 (Tenn. Ct. App., filed July 11, 2018).

contracting the statute's intended scope." ***Wallace v. Metro. Gov't of Nashville***, 546 S.W.3d 47, 52 (Tenn. 2018) (citations omitted). Because "[l]egislative intent is first and foremost reflected in the language of the statute," we begin our analysis by consulting the text. ***Id.*** (citing ***Lee Medical, Inc. v. Beecher***, 312 S.W.3d 515, 526 (Tenn. 2010)). "When a statute's text is clear and unambiguous, we need look no further than the language of the statute itself." ***Id.*** at 53 (citing ***Lee Medical, Inc.***, 312 S.W.3d at 527). We only resort to rules of statutory construction and/or external sources when the language of the statute is ambiguous. ***Id.*** (citations omitted). "The language of a statute is ambiguous when it is subject to differing interpretations which yield contrary results." ***Id.*** (citing ***In re Hogue***, 286 S.W.3d 890, 894 (Tenn. 2009)). However, an ambiguity does not exist "merely because the parties proffer different interpretations of the statute. A party cannot create an ambiguity by presenting a nonsensical or clearly erroneous interpretation of a statute." ***Id.*** (quoting ***Powers v. State***, 343 S.W.3d 36, 50 n.20 (Tenn. 2011)).

The redemption statute presently under consideration states that a

> "[p]erson entitled to redeem" means, with respect to a parcel, any interested person, as defined in this chapter, as of the date of the sale and the date the motion to redeem is filed

Tenn. Code Ann. § 67-5-2701(a)(3)(C). An "interested person" is defined in pertinent part as a person "that owns an interest in a parcel . . . ." Tenn. Code Ann. § 67-5-2502(c)(1)(B).

REO argues that the Trust was not a "[p]erson entitled to redeem" because the Trust did not have an interest in the property (and therefore was not an interested person) "as of the date of the sale." The trial court disagreed. Relying on this Court's decision in ***City of Chattanooga v. Tax Year 2011 City Delinquent Real Estate Taxpayers***, No. E2016–00025–COA–R3–CV, 2017 WL 541535 (Tenn. Ct. App., filed Feb. 10, 2017), the court determined that

> the Redeeming Party does NOT have to have an interest in the Property both on the date of sale and on the date the motion to redeem is filed. . . . Rather[,] the Court concludes the Redeeming Party can acquire the right to redeem after the tax sale.

(Capitalization in original).

In ***City of Chattanooga***, a panel of this Court concluded that a married couple who acquired an interest in property after a tax sale were "[p]erson[s] entitled to redeem" even though they did not have an interest in the property "as of the date of the sale." 2017 WL

- 6 -

541535, at \*3-4.  Earlier this year, however, a separate panel of this Court expressly repudiated the holding of *City of Chattanooga* because "the Court relied on caselaw [sic] that predated the current statutory definition of a person entitled to redeem property." *Madison Co. v. Delinquent Taxpayers for 2012*, No. W2016–02526–COA–R3–CV, 2018 WL 1976042, \*4 (Tenn. Ct. App., filed Apr. 26, 2018).  In *Madison County*, the Court explained that the language of the statute now under consideration is "clear and unambiguous":

> The statute simply does not say that a person entitled to redeem means any interested person as of the date of the sale or the date the motion to redeem is filed.  It says, " 'Person entitled to redeem' means, with respect to a parcel, any interested person, as defined in this chapter, as of the date of the sale and the date the motion to redeem is filed."  Tenn. Code Ann. § 67–5–2701(a)(3)(C).  This language can only reasonably be interpreted in one way.  To replace "and" with "or" would require that we ignore the ordinary and natural meaning of these terms.  *See Wal–Mart Stores E., L.P. v. N. Edgefield Organized Neighbors, Inc.*, No. M2013-01351-COA-R3-CV, 2013 WL 6706769, at \*4 (Tenn. Ct. App. Dec. 17, 2013) (declining to find "or" and "and" interchangeable where the context did not suggest such an intention).
>
> We agree with the trial court's conclusion that the plain language within the four corners of the redemption statute is clear.  A person entitled to redeem must be an interested person as of the date of the sale and the date the motion to redeem is filed.

*Id.*

We take this opportunity to reaffirm the holding of *Madison County v. Delinquent Taxpayers for 2012*.  The redemption statute as it existed from July 1, 2014, until April 18, 2018, clearly and unambiguously provided that a "[p]erson entitled to redeem" must have an interest in the property both at the time of the tax sale and at the time the motion to redeem is filed.[5]  *See* Tenn. Code Ann. § 67-5-2701(a)(3)(C).

---

[5] An amendment to this statute, effective April 19, 2018, replaced the word "and" with the word "or."  It would be inappropriate, however, to allow subsequent legislative acts to influence our interpretation of the statute as it existed in 2015 when the earlier statute is clear and unambiguous. *Madison County*, 2018 WL 1976042, at \*3.

Because the Trust in this case did not acquire an interest in the property until after the tax sale, the Trust was not a "[p]erson entitled to redeem," as defined by the statute in effect at the time of the sale. The trial court's ruling to the contrary is therefore overruled.

Because the Trust was not a "[p]erson entitled to redeem" the property, the trial court erred by entering an order of redemption in favor of the Trust. The other issues raised by REO in this appeal are pretermitted.

## V.

The judgment of the trial court granting redemption is hereby reversed. Costs on appeal are taxed against the appellee, Basswood Revocable Land Trust. The case is remanded to the trial court, pursuant to applicable law, for further proceedings consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE