FILED

12/29/2022

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 8, 2022 Session

## METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY v. PARAMJEET SINGH

**Appeal from the Circuit Court for Davidson County**
**No. 21C1129      Kelvin D. Jones, Judge**

_____

### No. M2022-00134-COA-R3-CV

_____

As a result of a traffic accident, a Metropolitan police officer issued a driver a Metropolitan traffic citation. The general sessions court found that the driver violated a traffic ordinance, and on appeal, the circuit court also found that the driver violated the ordinance. The driver challenges the jurisdiction of the courts, the legality of reporting the violation to the Tennessee Department of Safety and the severity of the penalty he may receive from California.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and JEFFREY USMAN, JJ., joined.

Stanley F. LaDuke, Knoxville, Tennessee, for the appellant, Paramjeet Singh.

Matthew Layne Garth and Lora Barkenbus Fox, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville & Davidson Co.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

On March 25, 2021, Paramjeet Singh drove an 18-wheeler through Nashville. A heavy rainfall made for difficult driving conditions and, as he entered the entrance ramp from I-40 east to I-440 east, the vehicle flipped onto its passenger side, blocking two lanes of traffic. Metropolitan Police officer Jared Dick arrived on the scene and determined that Mr. Singh had been driving too fast for the rainy conditions and for maneuvering the vehicle around the sharp turn onto the entrance ramp. Officer Dick issued Mr. Singh a

citation for careless driving in violation of Metropolitan Code of Law ("M.C.L.") § 12.68.170, which states:

> Every person operating a vehicle upon the streets within the metropolitan government, or upon any private road or driveway or parking area, shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, corners, traffic and use of these streets and private areas, and all other attendant circumstances, so as not to endanger the life, limb or property of any person. Failure to drive in such a manner shall constitute careless driving and a violation of this chapter.

Mr. Singh requested a hearing on the citation in general sessions court. The court concluded that he violated M.C.L. § 12.68.170 and ordered him to pay a $50 fine. Mr. Singh appealed to circuit court. He filed a motion seeking an injunction prohibiting the Metropolitan Government ("Metro") from reporting the violation to the Tennessee Department of Safety, arguing that the reporting statutes required a conviction and a violation of a Metro ordinance was a civil matter.

The circuit court found that Mr. Singh violated M.C.L. § 12.68.170 and ordered him to pay a $50 fine. The court also denied the request for an injunction and ordered the clerk of the court to "report the conviction to the Department of Safety as required by T.C.A. § 50-55-409."

Mr. Singh appealed the circuit court's decision, arguing that this metropolitan code violation should not be reported to the Department of Safety because it is not a "conviction," and that, therefore, the court abused its discretion when it denied his request for an injunction to prevent such a report. He also argues the general sessions court lacks jurisdiction to make the report and that making the report will result in cruel and unusual punishment.[1]

ANALYSIS

What is a conviction under Tenn. Code. Ann. § 55-50-409?

The meaning of the word "conviction" in Tenn. Code Ann. § 55-50-409 is at the heart of most of the issues Mr. Singh raises. Mr. Singh emphasizes the "criminal" aspect of the word "conviction" in arguing that the general sessions court did not have jurisdiction. Section 14.02 of the Metro Charter explicitly states that general sessions courts "have exclusive jurisdiction to hear, try and dispose of cases in which violations of traffic . . .

---

[1] Mr. Singh's issues are taken from the list in his brief. His arguments are far less clear and frequently repetitive.

ordinances[2] . . . are charged . . . ." The Department of Safety is to be notified of "[t]he *conviction* of any resident or nonresident holder of a commercial driver license of any violation of state law or local ordinance relating to motor vehicle traffic control, other than parking violations, in any vehicle[.]" Tenn. Code. Ann. § 55-50-409(a)(1) (emphasis added). When interpreting statutes, the intention of the legislature is the paramount concern. *In re Hogue*, 286 S.W.3d 890, 894 (2009). That intention is normally found in the words of the statute. Id. In this instance, the legislature has told us what a "conviction" is because they have provided a definition. For purposes of Title 55, Chapter 50 of the Tennessee Code Annotated,

> "Conviction" means an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or by an authorized administrative tribunal, an unvacated forfeiture of bail or collateral deposited to secure the person's appearance in court, a plea of guilty or nolo contendere accepted by the court, the payment of a fine or court cost, or violation of a condition of release without bail, regardless of whether or not the penalty is rebated, suspended or probated[.]

Tenn. Code Ann. § 55-50-102(16). Thus, the word "conviction" in Tenn. Code Ann. § 55-50-409(a)(1) has a much broader meaning than Mr. Singh advocates. It includes a determination that a law has been violated or a fine is to be paid. What kind of law? Tennessee Code Annotated § 55-50-409(a)(1) requires notification of "[t]he conviction of any resident or nonresident folder of a commercial driver license of any violation of state law *or local ordinance* relating to motor vehicle traffic control, other than parking violations, in any vehicle[.]" (emphasis added). Consequently, an adjudication that a person who holds a commercial driver license violated a local ordinance dealing with vehicle traffic control is sufficient to trigger the reporting requirement.

It has long been established that cases concerning the violation of local ordinances are "civil in nature."[3] *Metro. Gov't of Nashville & Davidson Cty. v. Dreher*, No. 2020-635-COA-R3-CV, 2021 WL 942872, at 4 (Tenn. Ct. App. Mar. 12, 2021) (citing *Metro. Gov't of Nashville & Davidson Cty. v. Allen*, 529 S.W.2d 699, 707 (Tenn. 1975)). Furthermore, an appeal of a determination that a local ordinance was violated is civil. *Id*. Mr. Singh's concerns about criminal jurisdiction are without merit.

---

[2] Metro's traffic ordinances are found in the Metro Code.

[3] The involvement of the Fifty Dollar Fine Clause of Article VI, Section 14 of the Tennessee Constitution or the application of double jeopardy prohibitions do not change the essential civil nature of the proceeding because "civil proceedings may advance punitive as well as remedial goals…." *City of Knoxville v. Brown*, 284 S.W.3d 330, 337 (Tenn. Ct. App. 2008).

## Injunction

Mr. Singh sought a temporary or permanent injunction to prevent the circuit court clerk from reporting the conviction to the Department of Safety. It was denied. Mr. Singh appeals, claiming that the trial court abused its discretion. "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc., v, Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). While the court erred in labeling this matter "a quasi-criminal matter" and stating that "the substance of the matter is criminal," the trial court did not err in denying the injunction. As we stated previously, "an adjudication that a person who holds a commercial driver license violated a local ordinance dealing with vehicle traffic control is sufficient to trigger the reporting requirement." Tenn. Code Ann. § 55-50-409(a)(1). Mr. Singh maintains that when the court clerk "reports this traffic offense to the Tennessee Department of Safety the harm Defendant will receive on his California Motor Vehicle Records (MVR) by operation of law will be additional punishment . . . ." He refers to this as "harsh and excessive punishment." First, there is no proof of any punishment he will receive. Second, reporting the violation to the Department of Safety is a ministerial duty required by state law. The Department of Safety notifies the driver's licensing state. Tenn. Code Ann. § 55-50-409(b). What the State of California does regarding Mr. Singh's license is a matter of California law and not something over which Metro has any control.

## Cruel and Unusual Punishment

Other than referring to it as "harsh and excessive punishment," Mr. Singh does not specify how a referral to the Department of Safety violates his rights under Article I, Section 16 of the Tennessee Constitution. He cites no legal authority. Whatever California does in response to a referral from Metro to the Tennessee Department of Safety is certainly not a cruel and unusual punishment administered by Metro. If it is excessive, torturous, or inhuman, he does not explain how it is so and how Metro inflicts it. *Heflin v. Iberiabank Corp.*, 571 S.W.3d 727, 734 (Tenn. Ct. App. 2018). ("It is simply not the job of an appellate court to attempt to research and construct parties' arguments.").

## CONCLUSION

The circuit court is affirmed. Costs are assessed against Mr. Singh, for which execution may issue if necessary.

_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE

- 4 -