CALDWELL *v.* HODSDEN'S HEIRS AND CREDITORS.

WRIT OF ERROR. *Parties under disability.* *Statute of limitations.* Parties who bring themselves within the saving of the Code, sec. 3182, are entitled, as of right, to a writ of error, without reference to the relief they may be able to obtain by it.

APPLICATION FOR WRIT OF ERROR.

COOPER, J., delivered the opinion of the court.

The complainant, as administrator with the will annexed of R. H. Hodsden, deceased, filed this bill for the purpose of administering the estate as insolvent, and the final decrees which adjudged the rights of parties were rendered in 1869 and 1872. A son and two of the daughters of the deceased have presented their petition to this court for writs of error. The statute allows two years from the rendition of a decree within which to make the application for a writ of error to this court, saving to persons under disability the right to prosecute the writ within the time prescribed after disability removed: Code, secs. 3181, 3182. The son, John B. Hodsden, states that on the day of the filing of the bill he was an infant, and so continued until within two years next preceding the presentation of his petition. Sallie Henderson, one of the daughters, says that on the day of the filing of the bill she was the wife of her co-petitioner, Samuel B. Henderson, and has so continued to be ever since, and still is. These petitioners bring themselves within the saving of the statute, and are entitled to the writ as a matter of right, upon the supposition that the facts are truly stated, as they must be taken to be on an *ex parte* application, or motion to dismiss. The husband, Samuel B. Henderson, is not entitled to the writ, and his joining in the petition is, we take it, only for the sake of conformity, and to evidence that the act of the wife is with his approval.

Mary, the other daughter of the testator, says that on the day of the filing of the bill she was under

the disability of infancy, and during her minority intermarried with her co-petitioner, A. J. Hicks. The law of this State does not allow cumulative disabilities, and, as the petitioner does not show affirmatively that the application is within two years after the removal of the disability of infancy, nor that the decrees complained of were rendered during the coverture, the writ is refused to her. The husband shows no ground whatever for the writ.

The defendants to the writ of error must have the five days notice required by the Code, sec. 3182, unless they choose to appear *gratis.* The notice, it has been held, need not be given in advance of the application: *Spurgin* v. *Spurgin,* 3 Head, 23.

Although the title of the purchasers of the realty sold cannot, probably, be affected by this writ under the general law and the positive provision of the Code, sec. 3186, yet the question of the relief to which the applicants are entitled is not now before the court.