# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE

FILED

**May 19, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

FOR PUBLICATION

| | | |
|---|---|---|
| KAREN ELAINE WHITE KITE, | ) | **Filed:** May 19, 1997 |
| | ) | |
| Appellant, | ) | KNOX CHANCERY |
| | ) | |
| v. | ) | Hon. Frederick D. McDonald |
| | ) | Chancellor |
| ARLIN JAY KITE, | ) | |
| | ) | No. 03S01-9610-CH-00099 |
| Appellee. | ) | |

FOR APPELLANT:

Robert R. Simpson
Eshbaugh, Simpson and Varner
Knoxville, Tennessee

FOR APPELLEE:

William C. Cremins
Knoxville, Tennessee

Laura Rule Hendricks
Eldridge, Irvine & Hendricks
Knoxville, Tennessee

FOR AMICI CURIAE:

Theodore R. Kern
Knoxville Legal Aid Society
Knoxville, Tennessee

# O P I N I O N

COURT OF APPEALS REVERSED.                    HOLDER, J.

We granted this appeal to determine whether a trial court retains jurisdiction under Tenn. Code Ann. § 36-3-605 (1990 Repl.) after failing to conduct a hearing within ten (10) days of service of an ex parte protective order. The intermediate appellate court has answered this question in the negative. We have reviewed the statutory scheme and resolved this issue pursuant to the applicable rules of statutory construction. We find that the ten-day hearing requirement is merely a limitation on the duration of the ex parte order and not a limitation on jurisdiction. The Court of Appeals' judgment affirming the trial court's dismissal is reversed. The case is remanded for proceedings consistent with this opinion.

## BACKGROUND

The petitioner, Karen Kite, requested the trial court for an order of protection from the appellee, Arlin Jay Kite, on December 27, 1995. She alleged that the respondent had:

1. vandalized her home;
2. vandalized her automobile;
3. called her employer and attempted to have her fired;
4. physically assaulted her and was arrested for assault and domestic violence;
5. repeatedly assaulted her throughout their marriage; and
6. routinely called and harassed her.

She requested the immediate issuance of an ex parte order of protection. She further requested that a hearing be set within ten days pursuant to Tenn. Code Ann. § 36-3-605 and that notice be served upon the respondent.

The trial court issued an ex parte order of protection on December 27, 1995, and set a hearing date of January 22, 1996. The order was served on the respondent on December 29, 1995, two (2) days after the filing of the petition.

The January 22, 1996, hearing date set by the trial court did not fall within ten days of service.

The respondent filed a motion to dismiss. He argued that the trial court was without jurisdiction to hear the matter on January 22, 1996. He reasoned that, pursuant to Tenn. Code Ann. § 36-3-605(b), the trial court merely retained jurisdiction for ten days following service of the protective order. The trial court granted the respondent's motion to dismiss and held that the ten-day hearing requirement was jurisdictional. The Court of Appeals affirmed, with Judge Franks dissenting.[1] We granted Rule 11 application to resolve this important issue.

## STATUTORY INTERPRETATION

The petitioner assigns error to the appellate court's determination that the ten-day hearing requirement was jurisdictional. She argues that a trial court's jurisdiction is not limited to ten days following issuance and service of an ex parte protective order. She maintains that the legislature intended only to limit the duration of ex parte protective orders. We agree.

Victims of domestic violence may seek judicial protection pursuant to Tenn. Code Ann. § 36-3-601 et seq. ("Act"). Protection may be initiated by filing a standard form petition under this Act. Tenn. Code Ann. § 36-3-604 (1990 Repl.). The form petition, as used in this case, requests a hearing and, if appropriate, an ex parte protective order. A trial court may issue ex parte relief

---

[1] The majority opinion was issued pursuant to Tenn R. Ct. App., Rule 10(a). We, however, question the appropriateness of a Rule 10(a) Order on this issue. We agree with Judge Franks that the Court of Appeals should afford meaningful review to legal issues of first impression.

upon a finding of good cause.[2] Tenn. Code Ann. § 36-2-605 (1990 Repl.). A hearing shall be conducted whether or not ex parte relief is granted. At the time of the hearing, the trial court may issue a protective order "for a definite period of time, not to exceed one (1) year." Id.

The issue in this controversy concerns the statutory language mandating a hearing within ten days of service of an ex parte protective order. Tennessee Code Annotated § 36-3-605(b) provides:

> Within ten (10) days of service of [an ex parte order of protection] on the respondent under this part, a hearing shall be held, at which time the court shall either dissolve any ex parte order which has been issued, or shall, if the petitioner has proved the allegation of abuse by a preponderance of the evidence, extend the order of protection for a definite period of time, not to exceed one (1) year . . . Any ex parte order of protection shall be in effect until the time of the hearing. If no ex parte order of protection has been issued as of the time of the hearing, and the petitioner has proven the allegation of abuse by a preponderance of the evidence, the court may, at any time, issue an order of protection for a definite period of time, not to exceed one (1) year.

This appeal focuses on the legislature's intent in drafting the ten-day hearing requirement.

This Court's role in statutory interpretation is to ascertain and effectuate the legislature's intent. State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1993). When a statute's language is unambiguous, the legislative intent shall be derived from the plain and ordinary meaning of the statutory language. Carson Creek Vacation Resorts v. Dept. of Revenue, 865 S.W.2d 1, 2 (Tenn. 1993). If, however, a statute's language is ambiguous and the parties legitimately derive different interpretations, we must look to the entire statutory scheme to ascertain the legislative intent. Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995).

---

[2] A petitioner demonstrating an immediate and present danger has established good cause under this section.

4

We find the intended operation of Tenn. Code Ann. § 36-3-605's hearing requirement ambiguous. While the statute mandates a hearing within ten days of service, the statute does not clearly define the ramifications of failing to conduct a hearing within the prescribed time. We, therefore, look to the entire statutory scheme to ascertain the legislature's intent and clarify this ambiguity.

The legislative intent of the present statutory scheme is clearly stated. The Act's purpose is codified at § 36-3-618 (1996 Repl.) and provides:

> The purpose of this part is to recognize the seriousness of domestic abuse as a crime and to assure that the law provides a victim of domestic abuse with enhanced protection from domestic abuse. A further purpose of this chapter is to recognize that in the past law enforcement agencies have treated domestic abuse crimes differently than crimes resulting in the same harm but occurring between strangers. Thus, the general assembly intends that the official response to domestic abuse shall stress enforcing the laws to protect the victim and prevent further harm to the victim, and the official response shall communicate the attitude that violent behavior is not excused or tolerated.

(Emphasis added). Accordingly, the legislative intent is to: (1) provide enhanced protection to domestic abuse victims; (2) promote uniform law enforcement intervention whether the crime is domestic or committed by strangers; and (3) communicate a position of intolerance to domestic abuse perpetrators.

We find the legislature's use of the term "enhanced protection" significant. Both the respondent and the lower courts have interpreted the statute as procedurally barring a domestic abuse victim's access to judicial protection when a hearing is not conducted within ten days. This deprivation occurs even though a petitioner requests a hearing within ten days and, through no fault of the petitioner, a hearing is not conducted within the prescribed time.

5

We must presume that the legislature did not intend an absurdity. Our goal is to adopt a reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws. Cronin v. Howe, 906 S.W.2d 910, 912 (Tenn. 1996); Epstein, v. State, 211 Tenn. 633, 366 S.W.2d 914 (1963). Statutes relating to the same subject or sharing a common purpose shall be construed together ("in pari materia") in order to advance their common purpose or intent. Lyons v. Rasar, 872 S.W.2d 895, 897 (Tenn. 1994).

The present statute mandates a hearing within ten days of service of an ex parte protective order. Tenn. Code Ann. § 36-3-605(b). The ten-day period, therefore, commences upon the service of an ex parte protective order on the respondent. If ex parte relief is not granted, commencement of the ten-day period will not be triggered. Accordingly, the legislative mandate of a hearing within ten days is applicable only when ex parte relief has been issued. We find it illogical that the legislature intended to create a jurisdictional bar to be applied exclusively to those petitioners demonstrating cause, immediate and present danger of abuse, for ex parte relief. Tenn. Code Ann. § 36-3-605(a).

We shall interpret the legislature's intention of the ten-day requirement consistent with their stated policy of providing enhanced protection. While the statute mandates a hearing within ten days, the statute also provides that the ex parte order will remain in effect "until the time of the hearing." Tenn. Code Ann. § 36-3-605(b). Construing this language "in pari materia," we find that the ten-day requirement modifies or refers solely to the ex parte order and not the trial court's jurisdiction. The legislature apparently inserted this requirement to insure a prompt hearing to determine the validity and necessity of the ex parte relief. When a trial court fails to set a hearing within ten days, the ex parte order

6

expires and the case assumes the posture of a case where no ex parte order of protection has been issued.

We think the legislature neither envisioned nor intended the prompt hearing requirement to bar procedurally a domestic abuse victim's access to judicial protection.[3] The prompt hearing requirement limits the potential for abuse by protecting respondents from possible ongoing frivolous or retaliatory ex parte protective orders. The ten day hearing requirement is, therefore, merely a limitation on the duration of an ex parte protective order. Had the legislature intended a complete procedural bar, it could have specifically drafted one. Barring a petitioner's access to judicial protection when a trial court fails to conduct a hearing within the prescribed time runs counter to the legislature's stated policy of providing enhanced protection.

We acknowledge that requiring expedited hearings may present challenges to trial courts experiencing crowded dockets. Despite limited resources, we believe the judicial system is capable of meeting the challenge and complying with the legislative directive.[4] A trial court's noncompliance, however, should not deprive the domestic abuse victim of access to judicial protection.

The judgment of the Court of Appeals affirming the trial court's dismissal is reversed. The case is remanded to the trial court for a hearing on the petition

---

[3] Jurisdictional bars usually prohibit reinstitution of the underlying action. A common rationale for procedurally barring actions is preventing prejudice to the defendant caused by plaintiffs "sleeping" on their claims. Burford v. State, 845 S.W.2d 204, 209 (Tenn. 1992). The respondent in the instant case, however, was not prejudiced by witnesses' fading memories or other rationales commonly supporting application of complete procedural bars.

[4] Trial courts unable to set hearings within the statutorily mandated time may need to rely on transfer, interchange or other judicial means to have cases heard.

for an order of protection.  The proceedings will be conducted in a manner consistent with this opinion.  Costs of this appeal are taxed to the respondent, Arlin Jay Kite, for which execution may issue if necessary.


_____
Janice M. Holder, Justice


**Concurring:**             Birch, C.J., Drowota and Anderson, JJ.
                            Reid, J., Not Participating.