IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

August 26, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| STATE OF TENNESSEE | ) C/A NO. 03A01-9704-CV-00145 |
| DEPARTMENT OF HEALTH/ | ) |
| CHILDREN'S SERVICES, | ) KNOX CIRCUIT |
| | ) |
| Petitioner-Appellee, | ) HON. BILL SWANN, |
| | ) JUDGE |
| v. | ) |
| | ) |
| JULIE ROGOISH, | ) VACATED |
| | ) AND |
| Respondent-Appellant. | ) REMANDED |

JOHN KNOX WALKUP, Attorney General and Reporter
and
DIANNE STAMEY DYCUS, Senior Counsel, Attorney General's Office, Nashville,
for Petitioner-Appellee.

TIMOTHY L. BALDRIDGE, BALDRIDGE & WHEATLEY, P.C., Knoxville, for
Respondent-Appellant.

**O P I N I O N**

Franks. J.

The genesis of this dispute was an order entered by the Juvenile Court of

Knox County declaring defendant's child to be dependent and neglected, with the

temporary custody of the child to the state.

The Juvenile Court order was entered on the 3rd day of May, 1996, and

provided in pertinent part:

> 1.     That Jonathan Alexander Rogoish is a dependent and neglected
> child within the meaning of the law, is hereby made a ward of this

Court, and the temporary custody of the said child is awarded to the State of Tennessee, Department of Health/Children's Services, formerly Department of Human Services, effective July 13, 1996, with the authority to consent to any necessary medical, surgical, hospital or institutional care.

2. That the Defendant, Julie Rogoish, shall have right of supervised visitation with said child upon her initiation according to the rules and regulations of the State of Tennessee, Department of Health/Children's Services.

3. The plan of care, attached, is approved. The Court notes that the goal is reunification and that the primary responsibility that the mother has not finished is to undergo a psychiatric and psychological examination and follow all recommendations. The mother will cooperate with all service providers. The Department shall advise service providers that the mother may not present accurate information.

Defendant timely perfected an appeal to the Knox County Circuit Court pursuant to T.C.A. §37-1-159. The Circuit Court set the case for trial on July 30, 1997, but on January 31, 1997, the Trial Court entered an order dismissing the appeal "without prejudice" because the Court found the Department had, in January 1997, filed a petition to terminate the defendant's parental rights in Juvenile Court of Knox County. The mother has appealed to this Court.

T.C.A. §37-1-159(c) provides:

when an appeal has been perfected, the juvenile court shall cause the entire record in the case, including the juvenile court's findings and written reports from probation officers, professional court employees or professional consultants, to be taken forthwith to the Circuit Court whose duty it is, either in term or in vacation, to set the case for an early hearing. When an appeal is taken from a juvenile court's decision that involves the removal of a child or children from the custody of their natural and/or legal parents or guardian . . . such hearing shall be held within forty-five (45) days of receipt of the findings and reports. In its order, the circuit court shall remand the case to the juvenile court for enforcement of the judgment rendered by the circuit court. Appeals from an order of the circuit court pursuant to this subsection may be carried to the court of appeals as provided by law. (Emphasis supplied).

The Circuit Court's action in setting this case more than a year after the decision in Sessions Court, i.e., July 30, 1997, constitutes an impermissible delay. Moreover, the Trial Court's dismissal of the appeal deprived both the mother and child of their rights

2

afforded by the Statute. While the 45 day time frame is directory, *See Kite v. Kite*, 1997 WL 259332 (Tenn.) 1997, the General Assembly clearly intended that cases where a parent is deprived of custody of a child be given preference and processed expeditiously. Such cases are to take precedence over other cases except those which are also statutorily mandated to be heard within a specific time frame.

T.C.A. §37-1-159 gave the plaintiff the right to a trial *de novo* before the Circuit Court if her appeal was properly perfected and she was entitled to an expeditious hearing. The summary dismissal of the appeal has no basis in law. Parties who bring themselves within the statutory provision providing for an appeal are entitled to the appeal as a matter of right. *See Caldwell v. Hodsden's Heirs*, 69 Tenn. 305 (Tenn. 1978).

The action of the Trial Court is vacated and the cause remanded. The Trial Court is directed to give precedence to this case on its docket over any cases that do not enjoy a statutory preference for an expedited hearing.

The cost of the appeal is assessed to the appellee.


_____
Herschel P. Franks, J.

CONCUR:



_____
Don T. McMurray, J.



_____
William H. Inman, Sr.J.


3