IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 29, 2014

## MILDRED JOAN PANTIK v. MARTIN JULIUS PANTIK

**Interlocutory Appeal from the Circuit Court for Shelby County**
**No. CT00609806   Karen Williams, Judge**

_____

**No. W2013-01657-COA-R9-CV - Filed March 10, 2014**

_____

This appeal involves the jurisdiction of the Shelby County courts over a petition for an order of protection.  The petition was originally filed in general sessions court, but it was transferred by consent to circuit court, where another matter was pending between the parties. Thereafter, the circuit court denied a motion to transfer the petition back to general sessions court but *sua sponte* granted permission to seek an interlocutory appeal pursuant to Rule 9 due to a perceived conflict between two statutes addressing the courts' jurisdiction.  We granted the application for an interlocutory appeal and now affirm the decision of the circuit court.  This case is remanded to the circuit court for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

S. Denise McCrary, Holly J. Renken, Memphis, Tennessee, for the appellant, Martin Julius Pantik

Rachel L. Lambert, Arlington, Tennessee, for the appellee, Mildred Joan Pantik

## OPINION

### I. FACTS & PROCEDURAL HISTORY

On December 6, 2012, Mother filed a petition for an order of protection in the general sessions criminal court of Shelby County. Mother claimed that she had reason to believe that Father had placed a video camera in the trees outside of her apartment "in an attempt to allow him to monitor her comings and goings." Mother's petition stated that, due to past physical and verbal abuse, she feared for her safety and desired that Father be ordered to have no further contact with her. However, Mother's petition expressly stated that the parties' two minor children were *not* in need of protection from Father.

Shortly after the petition was filed, on January 11, 2013, the parties consented to the entry of an order of transfer from the general sessions criminal court of Shelby County to the circuit court of Shelby County, and the petition for order of protection was set to be heard in circuit court. Mother and Father had been divorced by decree of the circuit court years earlier, and in 2010, Mother had filed a petition to relocate with the parties' minor children. The petition to relocate was still pending in circuit court when the petition for order of protection was filed in general sessions criminal court.

Two months after the petition for order of protection was transferred to circuit court, however, Father filed a motion to transfer the petition for order of protection back to general sessions criminal court where it was originally filed. Following a hearing, the circuit court entered an order denying Father's motion to transfer, but the court, *sua sponte*, granted Father permission to seek an interlocutory appeal regarding whether the circuit court has jurisdiction to hear the petition for an order of protection in light of what the court perceived to be a conflict between Tennessee Code Annotated section 16-15-5014 and section 36-3-601(E).

### II. ISSUE PRESENTED

This Court granted the application for permission to appeal on September 18, 2013. The issue presented is whether exclusive jurisdiction over the petition for order of protection was vested in the tenth division of the general sessions court of Shelby County, or whether the circuit court could also exercise jurisdiction over the petition for order of protection.

For the following reasons, we affirm the circuit court's order denying Father's motion to transfer, and we remand for further proceedings.

## III. STANDARD OF REVIEW

In this appeal we are asked to resolve a perceived conflict between two statutes. Our review of the construction of a statute is de novo, with no presumption of correctness given to the lower court's conclusions. *State v. Edmondson*, 231 S.W.3d 925, 927 (Tenn. 2007) (citing *State v. Denton*, 149 S.W.3d 1, 17 (Tenn. 2004)).

## IV. DISCUSSION

The trial court concluded that there is a conflict between Tennessee Code Annotated section 16-15-5014 and Tennessee Code Annotated section 36-3-601. The latter statute is part of Tennessee's Domestic Abuse Act, Tenn. Code Ann. § 36-3-601, *et seq*. *See Clark v. Crow*, 37 S.W.3d 919, 921 (Tenn. Ct. App. 2000). Victims of domestic violence may seek judicial protection pursuant to the Act. *Kite v. Kite*, 22 S.W.3d 803, 804 (Tenn. 1997); *see also* **Tenn. Code Ann. § 36-3-602(a)** ("Any domestic abuse victim, stalking victim or sexual assault victim who has been subjected to, threatened with, or placed in fear of, domestic abuse, stalking, or sexual assault, may seek a relief under this part by filing a sworn petition alleging domestic abuse, stalking, or sexual assault by the respondent."). The Domestic Abuse Act was "enacted by the legislature to 'recognize the seriousness of domestic abuse as a crime and to assure that the law provides a victim of domestic abuse with enhanced protection from domestic abuse.'" *Cable v. Clemmons*, 36 S.W.3d 39, 41 (Tenn. 2001) (quoting Tenn. Code Ann. § 36-3-618). It also serves to promote uniform law enforcement intervention, whether the crime is domestic or committed by strangers, and it communicates a position of intolerance to domestic abuse perpetrators. *Kite*, 22 S.W.3d at 805.

"When the legislature created orders of protection in 1979 it provided that they could be issued by other courts in addition to the ones that traditionally hear domestic cases." *State v. Wood*, 91 S.W.3d 769, 773-74 (Tenn. Ct. App. 2002); *see also State v. Gray*, 46 S.W.3d 749, 751 (Tenn. Ct. App. 2000) (noting that the legislature "extended the power to issue orders of protection to courts that otherwise would not have had it"). In its current form, the Domestic Abuse Act provides that upon the filing of a petition for an order of protection, "the courts" may issue an order of protection in accordance with the guidelines set forth in the Act. **Tenn. Code Ann. § 36-3-605.** There is a lengthy definition of a "court," for purposes of the Act:

> (A) "Court," in counties having a population of not less than two hundred thousand (200,000) nor more than eight hundred thousand (800,000), according to the 1980 federal census or any subsequent federal census, means any court of record with jurisdiction over domestic relation matters;

(B) Notwithstanding the provisions of subdivision (3)(A), "court," in counties with a metropolitan form of government with a population of more than one hundred thousand (100,000), according to the 1990 federal census or any subsequent federal census, means any court of record with jurisdiction over domestic relation matters and the general sessions court. In such county having a metropolitan form of government, a judicial commissioner may issue an ex parte order of protection. Nothing in this definition may be construed to grant jurisdiction to the general sessions court for matters relating to child custody, visitation, or support;

(C) "Court," in all other counties, means any court of record with jurisdiction over domestic relation matters or the general sessions court;

(D) "Court" also includes judicial commissioners, magistrates and other officials with the authority to issue an arrest warrant in the absence of a judge for purposes of issuing ex parte orders of protection when a judge of one of the courts listed in subdivisions (3)(A), (3)(B) or (3)(C) is not available;

(E) In counties having a population in excess of eight hundred thousand (800,000), according to the 1990 federal census or any subsequent federal census, "court" means any court of record with jurisdiction over domestic relations matters or the general sessions criminal court. In such counties, "court" also includes judicial commissioners, magistrates and other officials with the authority to issue an arrest warrant in the absence of a judge for purposes of issuing any order of protection pursuant to this part when a judge of one of the courts listed in subdivisions (3)(A), (3)(B) or (3)(C) is not available. Nothing in this definition may be construed to grant jurisdiction to the general sessions court, both criminal and civil, for matters relating to child custody, visitation, or support[.]

**Tenn. Code Ann. § 36-3-601(3).** Because this case was filed in Shelby County, Tennessee, we are concerned with subsection (E) of the statute, and a "court" for purposes of the Domestic Relations Act "means any court of record with jurisdiction over domestic relations matters *or* the general sessions criminal court." *Id.* (Emphasis added). However, the statute provides that nothing in its definition should be construed as granting jurisdiction to the general sessions court "for matters relating to child custody, visitation, or support." *Id.*

Tennessee Code Annotated section 16-15-5014 became effective in 2009. It provides:

(a) In order to maximize and concentrate limited prosecutorial, counseling and

other social resources to victims of domestic violence, the tenth division of the Shelby County general sessions court shall serve as the domestic violence court for Shelby County.

(b) Provided that the caseload of the domestic violence court does not exceed the capacity of the tenth division to hear all such cases, the tenth division of the Shelby County general sessions court shall have exclusive jurisdiction over matters involving domestic violence, orders of protection, domestic assault and all other cases incident to domestic abuse as defined in § 36-3-601; provided, however, that the tenth division may retain concurrent jurisdiction over other types of cases. The determination whether the tenth division of the Shelby County general sessions court has exceeded its capacity to hear all domestic violence cases shall be made by the presiding judge of the tenth division in consultation with the chief judge of the Shelby County general sessions court.

(c) If it has been determined pursuant to subsection (b) that the caseload of the domestic violence court exceeds the capacity of the tenth division of the Shelby County general sessions court to hear all such cases, then the excess cases shall be distributed among the remaining divisions of the Shelby County general sessions court to be heard.

(d) The general sessions court shall commence as the domestic violence court for Shelby County no later than September 1, 2009.

**Tenn. Code Ann. § 16-15-5014.** Relevant to this appeal, then, section 16-15-5014 provides that "the tenth division of the Shelby County general sessions court shall have *exclusive jurisdiction* over matters involving domestic violence, *orders of protection*, domestic assault and all other cases incident to domestic abuse *as defined in § 36-3-601*" of the Domestic Abuse Act. *Id.* (Emphasis added). Upon entering the order granting Father permission to seek an interlocutory appeal, the circuit court stated the following reasons for its action:

There is a need to develop a uniform and consistent body of law. It is common practice in Shelby County to automatically transfer a Petition for Order of Protection from General Sessions Court to Circuit or Chancery Court if there is an open case between the parties, married or previously married, regardless of the subject matter. This practice seems to be in direct contradiction to the language of TCA § 16-15-5014 which grants the tenth division of general sessions court "**exclusive** jurisdiction over matters involving domestic violence, orders of protection, domestic assault and all other cases incident to domestic abuse as defined in § 36-3-601." (Emphasis added).

-5-

"Our role in construing a statute is to ascertain and give effect to the legislature's intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *State v. Hawkins*, 406 S.W.3d 121, 131 (Tenn. 2013). We begin by focusing on the language of the statute, presuming that each word has its own meaning and purpose, and if the language is clear and unambiguous, we need look no further. *Id.* (citing *Keen v. State*, 398 S.W.3d 594, 610 (Tenn. 2012)). A statute is ambiguous if it "susceptible of more than one reasonable interpretation." *Memphis Housing Authority v. Thompson* 38 S.W.3d 504, 512 (Tenn. 2001) (citing *Carter v. State*, 952 S.W.2d 417, 419 (Tenn. 1997)).

In this case, we find that Tennessee Code Annotated section 16-15-5014 is ambiguous as to whether it vests the tenth division of the Shelby County general sessions court with "exclusive" jurisdiction over matters involving domestic violence, orders of protection, domestic assault and all other cases incident to domestic abuse *only* to the exclusion of the other divisions of general sessions court, or *also* to the exclusion of the circuit, chancery, and juvenile courts in Shelby County. On the one hand, the statute states that the tenth division of general sessions court "shall serve as the domestic violence court *for Shelby County*" (emphasis added), which seems to suggest that the legislature intended the tenth division to have exclusive jurisdiction over these matters to the exclusion of all other courts. On the other hand, the statute provides that the remaining divisions of general sessions court will hear excess domestic abuse cases in the event that the tenth division exceeds its capacity to hear such cases, which suggests that the legislature was simply concerned with designating *which division of the Shelby County general sessions court* would handle domestic abuse cases. Thus, we conclude that the statute is susceptible of more than one reasonable interpretation and therefore ambiguous.

When the language of a statute is ambiguous and does not yield a clear interpretation, the courts may consult the legislative history for additional interpretive guidance. *Carter*, 952 S.W.2d at 419 (citing *Storey v. Bradford Furniture Co.*, 910 S.W.2d 857, 859 (Tenn. 1995); *Carr v. Ford*, 833 S.W.2d 68, 69-70 (Tenn. 1992)). At a hearing before the House Judiciary Committee on April 29, 2009, the sponsor of House Bill 1212, Representative Jim Coley, introduced a member of the Shelby County Commission, Mike Carpenter, who spoke in favor of the bill and explained the need for the designation of a domestic violence court in Shelby County. Commissioner Carpenter explained that Shelby County had, at that time, about 20,000 cases a year related to domestic violence, and, considering that most of these litigants had no representation, there were "a limited number of advocates who were spread out over ten divisions, and a limited number of prosecutors spread out over ten divisions, so the idea [was] to put them in one court." There was some further discussion about whether the ten general sessions judges could simply agree to transfer all of the domestic violence

cases to a single division, obviating the need for a statute declaring one division as the domestic violence court, but according to Commissioner Carpenter, there were some judges who simply did not agree with the model being proposed. There was no mention of the bill divesting the jurisdiction of *other* Shelby County courts, be it circuit, chancery, or juvenile, to adjudicate domestic violence issues.

"Statutes relating to the same subject or sharing a common purpose shall be construed together ('in *pari materia*') in order to advance their common purpose or intent." **Kite**, 22 S.W.3d at 805; *see also* **Edmondson**, 231 S.W.3d at 927. "We are entitled to presume that our General Assembly is knowledgeable about its prior enactments and knows the state of the law at the time it passes the legislation under construction." *Edmondson*, 231 S.W.3d at 927 (citing *Hicks v. State*, 945 S.W.2d 706, 707 (Tenn. 1997); *Wilson v. Johnson County*, 879 S.W.2d 807, 810 (Tenn. 1994)).

As noted above, pursuant to the Domestic Abuse Act, in Shelby County, a "court" with authority to enter an order of protection includes "any court of record with jurisdiction over domestic relations matters or the general sessions criminal court." **Tenn. Code Ann. § 36-3-601(E).** We interpret Tennessee Code Annotated section 16-15-5014 as vesting the tenth division of the Shelby County general sessions court with "exclusive jurisdiction over matters involving domestic violence, orders of protection, domestic assault and all other cases incident to domestic abuse as defined in § 36-3-601," to the exclusion of the other general sessions courts. **Tenn. Code Ann. § 16-15-5014(b).** However, the statute does not impact the jurisdiction of the circuit, chancery, and juvenile courts in Shelby County to adjudicate such matters.[1] Thus, in our case, the Shelby County circuit court had jurisdiction over the petition for order of protection filed by Mother, and the circuit court did not err in denying Father's motion to transfer the matter to the general sessions court.

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court and remand for further proceedings. Costs of this appeal are taxed to the appellant, Martin Julius Pantik, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[1] Our conclusion is supported by the fact that, as the trial judge noted, the circuit, chancery, and juvenile courts in Shelby County continued to adjudicate domestic abuse matters after the passage of Tennessee Code Annotated section 16-15-5014, and the legislature took no further action.