FILED

11/29/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2017

## STATE EX REL. SHEM PETER MALMQUIST v. DANIELLE NICOLOSI MALMQUIST

**Appeal from the Juvenile Court for Shelby County**
**No. W9610   Dan H. Michael, Judge**

_____

**No. W2017-00893-COA-R3-JV**

_____

In this post-divorce dispute, the mother, a California resident, asked the court to modify a Tennessee child support order. At the hearing before the magistrate, the mother agreed to a voluntary dismissal without prejudice. But later she asked the juvenile court for a rehearing. At the request of both parties, the juvenile court then directed the magistrate to hold another hearing on the mother's motion. At the new hearing, the magistrate denied the mother's request to testify by telephone. And, because no one present was ready to proceed, the magistrate also dismissed the notice of rehearing. On appeal, the mother argues that she was entitled to testify by telephone under the Uniform Interstate Family Support Act and the Americans with Disabilities Act. We conclude that the Uniform Interstate Family Support Act did not apply to her request to modify a Tennessee child support order. We further conclude that the record does not support her claim under the Americans with Disabilities Act. So we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Danielle Nicolosi Malmquist, Foster City, California, pro se appellant.

Shem Malmquist, Indian Harbour Beach, Florida, pro se appellee.

# OPINION

## I.

On July 11, 2007, the Circuit Court for Shelby County, Tennessee, granted Shem Malmquist ("Father") and Danielle Malmquist ("Mother") a divorce. During the divorce proceedings, Mother moved to California. As part of the divorce decree, the court established a permanent parenting plan for the couple's minor children. The plan named Father the primary residential parent and gave Mother 69 days of residential parenting time. The court also ordered Mother to pay $316 in monthly child support.

On May 29, 2015, Mother, acting pro se, filed a motion to modify her child support obligation in the Juvenile Court for Shelby County, Tennessee.[1] Following a hearing, the magistrate temporarily decreased her child support obligation to zero. But, at the subsequent status hearing, Mother explained that she was not prepared to present her evidence. With Mother's agreement, the magistrate dismissed her modification motion without prejudice.

Mother later changed her mind and asked the juvenile court for a rehearing. At the request of all parties, the juvenile court returned Mother's motion to the magistrate's docket for a final hearing.

On March 30, 2017, Mother filed a request to appear at the April 4 modification hearing by telephone. She asserted that she could not afford to travel to Tennessee and that she needed special accommodation under the Americans with Disabilities Act due to an unspecified "temporary disability." Mother did not appear at the hearing. But an attorney, who had represented her in a different proceeding, made a limited appearance. He notified the magistrate that Mother wanted to testify by telephone.

The magistrate denied her request to testify by telephone. Because no one present was ready to go forward, the magistrate dismissed Mother's notice of rehearing and reconfirmed the previous voluntary dismissal without prejudice as the final order. Mother appealed.

---

[1] The State of Tennessee commenced this case by filing a petition to modify child support and establish arrears on Father's behalf. In Shelby County, child support cases being enforced under Title IV-D are heard in juvenile court. *See* Tenn. Code Ann. § 36-5-402(b)(2) (2017).

## II.

### A.

"Tennessee law permits testimony by telephone in only a handful of narrowly drawn circumstances." *Kelly v. Kelly*, 445 S.W.3d 685, 693 (Tenn. 2014). Otherwise, the trial court may, in its discretion, permit telephonic testimony if the requirements of Tennessee Rule of Civil Procedure 43.01 are met. *Id.*

Mother relies on the special evidentiary rules applicable to proceedings under the Uniform Interstate Family Support Act ("UIFSA"). *See* Tenn. Code Ann. § 36-5-2316 (2017). Whether the UIFSA applies here is a question of law, which we review de novo, with no presumption of correctness. *See Davis ex rel. Davis v. Ibach*, 465 S.W.3d 570, 573 (Tenn. 2015).

Our goal in statutory interpretation is to "ascertain and effectuate the legislature's intent." *Kite v. Kite*, 22 S.W.3d 803, 805 (Tenn. 1997). When a statute's language is unambiguous, we derive legislative intent from the statute's plain language. *Carson Creek Vacation Resorts, Inc. v. State, Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993). The words used in the statute should be given their natural, ordinary meaning "in the context in which they appear in the statute and in light of the statute's general purpose." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010). But, when a statute's language is subject to several interpretations, we also consider the broader statutory scheme, the statute's general purpose, and other sources to ascertain legislative intent. *Wachovia Bank of N.C., N.A. v. Johnson*, 26 S.W.3d 621, 624 (Tenn. Ct. App. 2000).

We begin with the language of the statute.

> In a proceeding under [the UIFSA], a tribunal of this state shall permit a party or witness residing outside this state to be deposed or to testify under penalty of perjury by telephone, audiovisual means, or other electronic means at a designated tribunal or other location. A tribunal of this state shall cooperate with other tribunals in designating an appropriate location for the deposition or testimony.

Tenn. Code Ann. § 36-5-2316(f). To determine whether a request to modify a Tennessee child support order is a proceeding under the UIFSA, we look to the purpose and structure of the act. *See Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 897 (Tenn. 2011) (explaining that to determine a statute's meaning, the court may read the statute in conjunction with surrounding parts); *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 86 (Tenn. 2010) ("A statute's meaning is derived, not from considering the separate meaning of each individual word in a statute, but from considering the entire statute as a whole in light of its general purpose.").

The UIFSA "controls the establishment, enforcement, or modification of support orders across state lines." *LeTellier v. LeTellier*, 40 S.W.3d 490, 493 (Tenn. 2001). The goal of the act is to prevent multiple, conflicting child support orders. *Id.*; *State ex rel. Strickland v. Copley*, No. W2007-01839-COA-R3-CV, 2008 WL 3875425, at \*4 (Tenn. Ct. App. Aug. 21, 2008). To that end, the UIFSA allows for the registration and enforcement of support orders issued by tribunals outside of the forum state. Tenn. Code Ann. §§ 36-5-2601 to -2604 (2017). It also limits the ability of the forum state to modify an out-of-state support order. *Id.* §§ 36-5-2609 to -2616 (2017). The key concept is "continuing exclusive jurisdiction." *LeTellier*, 40 S.W.3d at 493. The issuing state retains continuing exclusive jurisdiction to modify its support order unless the obligor, the obligee, and the child have permanently moved from the state.[2] Tenn. Code Ann. § 36-5-2205(a)(1) (2017).

Under the UIFSA, a parent may register a support order issued by a tribunal in another state or country in Tennessee. *Id.* §§ 36-5-2602, -2609, -2616 (2017). And a parent may seek to enforce or modify a registered order in a Tennessee court. *Id.* §§ 36-5-2603, -2611, 2616 (2017). A parent may also use UIFSA procedures to contest the validity or enforcement of a registered support order or income-withholding order issued in another state. *Id.* §§ 36-5-2506, -2606 (2017).[3]

But Mother's request to modify in Tennessee a child support order issued by a Tennessee court is not a proceeding under the UIFSA. As our supreme court has noted, even without the UIFSA, Tennessee courts have jurisdiction to modify their own child support orders. *LeTellier*, 40 S.W.3d at 494-95; *see* Tenn. Code Ann. § 36-6-101 (2017). Because this proceeding involves a request to modify a Tennessee child support order, not an order from another jurisdiction, the UIFSA did not apply. So Mother cannot avail herself of the special evidence rules applicable only to proceedings under the UIFSA.

B.

Mother also argues that the trial court's decision violated the Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. § 12132 (Supp. 2017). The ADA prohibits public entities from denying qualified individuals with disabilities access to their services, programs, or activities. *Id.* To avoid discrimination, public entities must make reasonable modifications to their practices, policies, or procedures "unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

---

[2] The parties can alter this rule by consent. Tenn. Code Ann. § 36-5-2205(a)(2), (b)(1) (2017).

[3] The UIFSA also contains procedures for establishing parentage. Tenn. Code Ann. § 36-5-2402 (2017).

4

In judicial proceedings, courts must ensure that communication with disabled individuals is effective. *Id.* § 35.160(a)(1). Thus, courts must furnish appropriate aids and services to allow disabled individuals to participate. *Id.* § 35.160(b)(1). It is the policy of the Tennessee Judicial Branch that Tennessee courts "conduct [their] services, programs or activities, when viewed in their entirety, in a manner that is readily accessible to and usable by qualified individuals with disabilities." TENN. SUPREME COURT & ADMIN. OFFICE OF THE COURTS, ADA ADMINISTRATIVE POLICIES AND PROCEDURES pt. V, at 1-2 (2008) [hereinafter ADA POLICY];[4] *see also* Tenn. S. Ct. R. 45.

Upon request, our courts will make reasonable modifications to their usual practices "when doing so is necessary to provide effective access to a qualified individual with a disability." ADA POLICY pt. VI(A), at 2. The procedure for requesting a modification is posted in all facilities in which judicial proceedings are held. *Id.* pt. VI(O), at 5. A request may be denied if the applicant is "not a qualified individual with a disability," the modification would "fundamentally alter the nature" of the proceeding, a less costly or more convenient alternative would be equally effective, or the applicant refused or failed to comply with the written policy. *Id.* pt. VI(K), at 4-5.

The record does not reflect the nature of Mother's "temporary disability." So we are unable to determine whether Mother is a qualified individual with a disability. *See* 28 C.F.R. § 35.108 (defining disability). Additionally, she failed to follow the procedure for requesting a modification. Under these circumstances, the trial court did not err in refusing to grant her requested accommodation.

C.

Having determined that the UIFSA was inapplicable and that Mother failed to establish she was a qualified individual with a disability under the ADA and to follow the procedure for requesting a modification, we consider whether the trial court erred in not permitting telephonic testimony under Tennessee Rule of Civil Procedure 43.01. *See* Tenn. R. Civ. P. 1 ("[T]he Rules of Civil Procedure shall govern procedure . . . in all other courts while exercising the civil jurisdiction of the circuit or chancery courts."); Tenn. 30th J. Dist. Cir. Ct. app. 2. Trial courts have broad discretion over the conduct of a trial and the examination of witnesses. *In re Estate of Link*, 542 S.W.3d 438, 454 (Tenn. Ct. App. 2017). Generally, witnesses testify live. Tenn. R. Civ. P. 43.01. Live testimony

(1) assists the trier of fact in evaluating the witness's credibility by allowing

---

[4] A complete copy of the judicial branch ADA policy can be found on the website of the administrative office of the courts at https://www.tncourts.gov/administration/human-resources/ada-policy.

his or her demeanor to be observed first-hand; (2) helps establish the identity of the witness; (3) impresses upon the witness the seriousness of the occasion; (4) assures that the witness is not being coached or influenced during testimony; (5) assures that the witness is not referring to documents improperly; and (6) in cases where required, provides for the right of confrontation of witnesses.

*Kelly*, 445 S.W.3d at 694.

Tennessee Rule of Civil Procedure 43.01 allows telephonic testimony "for good cause shown in compelling circumstances and with appropriate safeguards." Tenn. R. Civ. P. 43.01.[5] Here, Mother failed to make the requisite showing. Her bare assertion that she lacked the necessary funds to travel and was temporarily disabled was insufficient. The magistrate determined that live testimony was important at the final hearing so that he could evaluate her credibility and view her documentary evidence. Under these circumstances, we cannot say the magistrate abused his discretion in denying her request. *See In re D.T.*, No. E2017-00051-COA-R3-PT, 2018 WL 2357655, at *6-7 (Tenn. Ct. App. May 24, 2018) (finding no abuse of discretion in trial court's failure to allow mother to testify by telephone in termination of parental rights hearing); *Yocum v. Yocum*, No. E2015-00086-COA-R3-CV, 2015 WL 9028131, at *7-9 (Tenn. Ct. App. Dec. 15, 2015) (concluding that refusal to grant husband's request to testify at divorce hearing by telephone was not an abuse of discretion).

D.

Finally, Mother complains that the court erred in involuntarily dismissing her modification motion for failure to prosecute. *See* Tenn. R. Civ. P. 41.02. But this was not an involuntary dismissal. Mother agreed to dismiss her motion without prejudice. She then apparently changed her mind and obtained a rehearing. When she failed to appear at the rehearing, the magistrate dismissed her notice of rehearing for failure to prosecute. The magistrate's decision does not preclude her from filing a new motion to modify child support.

---

[5] Rule 43.01 provides:

In all actions at law or equity, the testimony of witnesses shall be taken pursuant to the Tennessee Rules of Evidence. Also, for good cause shown in compelling circumstances and with appropriate safeguards, the court may permit presentation of testimony in open court by contemporaneous audio-visual transmission from a different location.

Tenn. R. Civ. P. 43.01.

**III.**

We conclude that the trial court did not abuse its discretion in denying Mother's request to testify at her modification hearing by telephone. A request to modify a Tennessee child support order in a Tennessee court is not a proceeding under the UIFSA. So the special evidence rules in the UIFSA are inapplicable. And Mother failed to demonstrate that she was entitled to testify by telephone under the ADA or Tennessee Rule of Civil Procedure 43.01. So we affirm.

_____
W. NEAL MCBRAYER, JUDGE